JOHN CLOSE *v.* CHARLES CLOSE, Administrator.

An executor under a will is bound to pay the costs and attorney's fees for presenting the will for probate and defending it when attacked by the heirs, if there should be judgment against him annulling the will, on account of the agency which he had in its dictation.

APPEAL from the District Court of the Parish of St. Landry, *Martel,* J. *B. F. Linton,* for plaintiff. *J. E. King,* for defendant and appellant.

SPOFFORD, J. The plaintiff acted for nearly two years as executor of the last will of *Emilie Barré,* deceased.

Upon a contestation with the heirs, the will was finally declared null by this court. Thereupon the defendant was appointed administrator.

The present suit was brought to recover of the succession certain moneys alleged to have been disbursed by the late executor for its benefit.

The payments proved to have been made amount to $763 94; and only one item of this sum, to wit, $250 for counsel fees, seems to be disputed by the defendant. The receipt shows that these fees were paid " for presenting for probate the will of *Emilie Barré, veuve Gradenigo,* and for defending it when attacked by the heirs, both in the District and Supreme Courts." The will was annulled partly on account of the agency the present plaintiff, a legatee under it, had in its dictation, and he was personally condemned to pay the costs of the litigation. For the same reasons, he should pay the counsel fees, which were for his own benefit, and not for the benefit of the heirs. The Judge erred in allowing this part of the demand.

To the rest of plaintiff's claim for disbursements (which enured to the benefit of the estate) the defendant pleads in compensation and reconvention two demands amounting to $1500, both of which were rejected below. He alleges in his answer that " plaintiff received $500 from · the deceased, *Mrs. Gradenigo,* just previous to her death, on deposit, and to pay the expenses of settling her succession, which he has never given to respondent as administrator." This averment the plaintiff in reconvention has failed to prove. The evidence is, that *John Close* said *some* money (how much is nowhere intimated) '· had been *given* him for special purposes." The single witness who relates this conversation, says he " understood " the money was to be applied to the deceased's funeral expenses ; he also speaks of the costs of a suit in *St. Martinsville,* in the same connection. This is quite too vague to fasten a specific pecuniary liability upon the plaintiff. It was competent for the deceased to make a manual gift of money to him, or to intrust him with money for special purposes. To make him liable to the succession, the administrator should show what was given, for what purpose, and that it had been misapplied, Neither of these things are shown. The District Judge correctly rejected this item of the reconventional demand.

The defendant also claims $1000 for the revenues of the property while in the hands of plaintiff, as executor. The proof is, that the slaves were divided out amongst the *heirs* shortly after the plaintiff became executor. But he had two at his house, *Maria* and *Marie,* appraised and sold for less than $1000. One witness thinks the hire of these slaves .worth $200 *per annum ;* another thinks such slaves worth $6 per month each. The plaintiff is not charged with any improper

acts in his gestion as executor. The heirs should account either to the administrator, or in their partition *inter se*, for the hire of such slaves as they have received. The plaintiff is only responsible, under the evidence, for the hire of such of the property as he used for his own benefit. We think $300 should be allowed for the use of *Maria* and *Marie*, a claim which was also rejected by the District Judge. There seems to have been an amicable demand, and an answer amounting to a denial that anything was due the plaintiff; the point as to costs, made by the appellant, is therefore, untenable.

It is, for the foregoing reasons, ordered and decreed, that the judgment of the District Court be avoided and reversed; and it is now ordered and decreed, that the plaintiff have judgment against the defendant, as administrator, for the sum of two hundred and thirteen dollars and ninety-four cents, with five per cent. interest thereon from the 30th October, 1856, until paid, the same being the balance due upon a consideration both of the principal and reconventional demands; it is further ordered, that said sum be paid by defendant in the due course of his administration, and that the costs of this suit in the lower court be paid by the defendant administrator, and the costs of appeal by the plaintiff and appellee.