[Sac. No. 2095.   Department One.—September 3, 1913.]

In the Matter of the Estate of WILLIAM JONES, Deceased. LESTER WILLIAM JONES, by His Guardian, Laura Alice Baker, and G. E. NORDGREN, as Special Administrator, Appellants, v. CHARLES G. JONES, Respondent

ESTATE OF DECEASED PERSON—SUCCESSFUL CONTEST OF WILL AFTER PROBATE—EXECUTOR GUILTY OF FRAUD OR UNDUE INFLUENCE CANNOT RECOVER COSTS—ABUSE OF DISCRETION.—Where, on a contest of a will after probate, the probate is revoked on account of fraud and undue influence practiced by the executor upon the testator, it is an abuse of discretion, under section 1332 of the Code of Civil Procedure, for the court to order the payment, out of the estate, of the attorney's fees and costs incurred by the executor in the unsuccessful defense of the contest.

ID.—EXERCISE OF DISCRETION—DENIAL OF COSTS.—Reimbursement for expenses incurred in the effort to sustain a will procured by the fraud or undue influence of the person defending it against contest not only may, but should, in the exercise of a sound discretion, be denied.

ID.—GOOD FAITH OF EXECUTOR.—The test of the executor's right to have the costs of his unsuccessful attempt to prevent revocation of probate paid out of the estate is whether he has acted in good faith.

ID.—APPEAL FROM ORDER OF REVOCATION—DISCRETION CANNOT BE EXERCISED UNTIL DETERMINATION OF APPEAL.—Where a contest of a will after probate results in an order revoking the probate, and the executor appeals from the order of revocation and an order denying a new trial of the contest, the discretionary power of the court in probate, under section 1332 of the Code of Civil Procedure, to order the costs of the executor who resisted the revocation to be paid out of the estate, cannot properly be exercised until the determination of the appeal.

ID.—EXECUTOR'S COMMISSIONS—ALLOWANCE MAY BE MADE BEFORE ADMINISTRATION IS COMPLETED.—Since the amendment of 1911 to section 1616 of the Code of Civil Procedure, the court in probate, in administering the estate of a deceased person, is authorized, after one year from the admission of the will to probate, or the granting of letters of administration, and prior to the completion of the administration, to make an allowance to the personal representative on account of commissions. The section as amended is applicable to an executor who dies or is removed, as well as to one continuing in office.

APPEALS from an order of the Superior Court of Merced County directing the special administrator of the estate of a deceased person to pay counsel fees and costs incurred by an executor in unsuccessfully resisting a contest to revoke the probate of the alleged will of the decedent, and from orders settling, respectively, the first and final accounts of the executor. E. N. Rector, Judge.

The facts are stated in the opinion of the court.

F. G. Ostrander, J. J. Griffin, and Henry Brickley, for Appellants.

John Ralph Wilson, J. K. Law, and D. M. Young, for Respondent.

SLOSS, J.—The record presents appeals from three orders made in the probate proceedings in the matter of the estate of William Jones, deceased. A paper had been admitted to probate as the will of said decedent, and letters testamentary thereon issued to Charles G. Jones, the respondent. A contest after probate had been instituted by Lester William Jones, and a trial before a jury had resulted in an order revoking the probate. Charles G. Jones appealed from the order of revocation and from an order denying his motion for a new trial. This court has, on August 27, 1913, the present appeals being then pending, affirmed both orders. (*Estate of Jones,* Sac. No. 2032; *ante,* p. 108, [135 Pac. 288]; *Estate of Jones,* Sac. No. 2140, *post,* p. 778, [135 Pac. 293].)

Upon the entry of the order revoking probate, the court below appointed G. E. Nordgren special administrator of the estate. On April 22, 1912, it made an order directing said Nordgren to pay out of the estate the sum of $1,750 to the attorneys employed in defending against the contest, and that he pay the executor the further sum of $834.15, costs incurred by the executor in the trial of the contest. On the twenty-fourth day of June, 1912, an order was made settling the first account of Charles G. Jones, as executor. This order allowed certain charges objected to by the minor who had contested the will. On the same day the final account of the executor, with objections thereto, was settled, the court allowing the

above charges for costs and counsel fees, after reducing the latter item by three hundred and fifty dollars, and also allowing the executor the sum of five hundred dollars for commissions. Nordgren, as special administrator, and Lester William Jones, the contestant, appeal from the order directing said special administrator to pay counsel fees and costs, and from the orders settling, respectively, the first and final accounts of the executor.

The position of the appellants is that the court erred, first, in requiring the payment, out of the estate, of attorneys' fees and costs in defending against the contest, and, second, in allowing executor's commissions to Charles G. Jones.

1. Section 1332 of the Code of Civil Procedure provides that "if the probate be revoked the costs must be paid by the party who resisted the revocation, or out of the property of the decedent, as the court directs." The appellants concede that this section gives to the superior court a discretionary power to order the payment of attorneys' fees and costs incurred in the unsuccessful defense of a contest after probate. They contend, however, that, under the facts appearing in this particular case, the court abused its discretion in making the order for such payment.

It appears that Charles G. Jones was the sole legatee and devisee named in the will under which he was appointed executor. The contest was based on the grounds of the decedent's unsoundness of mind, as well as fraud and undue influence practiced by said Charles G. Jones. The verdict of the jury was in favor of the contestant on all the issues. With respect to fraud and undue influence, the questions submitted to the jury and their answers thereto, were as follows:

"Q: Was the mind of the decedent, William Jones, at the time of the execution of the said purported will, free from fraud practiced upon him by Charles G. Jones, or others acting in behalf of and in concert with Charles G. Jones? A: No. Q: Was the decedent, William Jones, at the time of the execution of the said purported will, acting under the undue influence of Charles G. Jones or of others acting in behalf of and in concert with Charles G. Jones? A: Yes."

When the lower court was called upon to exercise its discretion on the question whether the costs and attorneys' fees should be paid out of the estate, these findings stood as the

determination of the jury on the issues of fraud and undue influence,. and upon them (together with other findings) the court had made its order revoking the probate of the will. If the payment of these costs and fees could properly be considered at all in advance of a final disposition of the contest on appeal—a question to which we shall refer again—the court was bound to act upon the case as it then appeared. It could not assume that the findings, upon which it had acted in making its order, were unsupported by the evidence or affected by error. The application for costs and fees was, in the existing *status,* made on behalf of a proponent who had been adjudged guilty of procuring the execution of the will by fraud and undue influence. That costs may properly be refused to one in this position has been directly held in this court. (*In re McKinney,* 112 Cal. 447, [44 Pac. 743].) In the case cited, the court below had disallowed the expenditures claimed, and the supreme court, in affirming the order under review, was not required to go further than to hold that there had been no abuse of discretion. But we think the true rule is that reimbursement for expenses incurred in the effort to sustain a will procured by the fraud or undue influence of the person defending it against contest not only may, but should, in the exercise of a sound discretion, be denied. And so it is generally held. (40 Cyc. 1363; *Deleglise* v. *Morrissey,* 142 Wis. 234, [125 N. W. 452]; *Close* v. *Close,* 13 La. Ann. 590. See, also, *In re Carman's Will* (Iowa), 48 N. W. 985.) The test of the executor's right to have the costs of his unsuccessful attempt to prevent revocation of probate paid out of the estate is whether he has acted in good faith. (See *Estate of Berthol,* 163 Cal. 343, [125 Pac. 750].) It cannot be said that one exercises good faith in seeking to establish a will which he himself has, by fraud or undue influence, caused to be executed. The findings of the jury are to the effect that the fraud and undue influence, if not exerted by the respondent in person, were exerted by others acting in his behalf *and* in concert with him. For the acts of others acting in concert with him he is of course responsible as for his own acts.

The appellants contend, as an independent proposition, that the question of reimbursement for counsel fees and costs, could not be determined in advance of the final disposition of the contest, i. e., until the determination of the appeals from the

order of revocation and the order denying a new trial. *Estate of Yoell,* 160 Cal. 741, [117 Pac. 1047], and *Estate of Berthol,* 163 Cal. 343, [125 Pac. 750], are relied on in support of this claim. In the former of these cases the contest had not proceeded to the point of judgment in the court below. In *Estate of Berthol,* a contest before probate had resulted in a verdict for contestant and a consequent order denying probate. An appeal from the order was pending. It was held that the court's discretion, under section 1720 of the Code of Civil Procedure, to order the costs to be paid out of the estate, could not properly be exercised until the final determination of the contest, and a reversal was directed for this reason alone. We are unable to see any valid ground of distinction between the case cited and the one before us. It is true that in *Estate of Berthol* the contest was before, while here it was after, probate. For this reason section 1720, rather than section 1332, was the provision regulating the matter of costs. But each of these sections confides the question to the sound discretion of the trial court, and every ground for holding that that discretion cannot be exercised in advance of a final disposition of the contest on appeal applies as well where the contest is after probate as where the original application for probate is contested. These considerations require a reversal of the orders appealed from, so far as they affect counsel fees and costs, as premature. Notwithstanding this conclusion, we have thought it best to indicate our views of the principles upon which the merits of the questions involved should be determined. The appeals from the order revoking probate and the order denying a new trial have now been affirmed, and the contest is finally ended. Upon the remand of the proceedings, the court below will have before it the judgment of this court upon the appeals. That judgment, to which we refer by way of illustration, emphasizes the wisdom of the rule requiring the court below to withhold the exercise of its discretion in allowing costs and counsel fees until the final disposition of the contest. While the order of revocation was affirmed, it will appear, from an inspection of the opinion in Sac. No. 2032 (*ante,* p. 108), that the order of revocation was affirmed upon the basis of the finding of unsoundness of mind, and that the finding on the issue of undue influence had been reached by a procedure not free from substantial error.

(The issue of fraud was bound up with that of undue influence and was not separately treated in the opinion.)    In this state of the case, the allegations of fraud and undue influence cannot be said to have been conclusively established against the executor.    As we have just suggested, these circumstances show that the court below could not properly pass upon the right to fees and costs in advance of the decision of the appeal from the judgment on the contest.    The conclusions reached here on that appeal show that the findings of fraud and undue influence could not be treated as final, while, on the other hand, the court below certainly had no right, pending the appeal, to disregard those findings.    In the future consideration of the case the court below will be in a position to look at the entire record, and, considering the principles which we have outlined as governing the allowance of costs and attorneys' fees, to determine whether, under the evidence properly introduced, the executor was or was not acting in good faith in seeking to uphold the probate of the will.    Its determination on this point will not be concluded by the verdict, and will form the basis for its disposition of the executor's right to reimbursement.

2. The allowance of commissions to the executor is objected to on the ground that the court is not authorized to apportion commissions between successive personal representatives until the estate has been completely administered and is ready for distribution.    Such was unquestionably the law prior to the amendment in 1911 of section 1616 of the Code of Civil Procedure [Stats. 1911, p. 707].    (*Estate of Barton,* 55 Cal. 87; *In re Levinson,* 108 Cal. 456, [41 Pac. 483, 42 Pac. 479].) But under the amendment referred to, the executor or administrator may, at any time after one year from the admission of the will to probate, or the granting of letters of administration, "apply to the court for an allowance to himself upon his commissions," and the court is empowered to make an order "allowing such executor or administrator such portion of his commissions as to the court shall seem proper, and the portion so allowed may be thereupon charged against the estate." This provision plainly contemplates an allowance on account of commissions before the administration is completed, and to this extent changes the law as declared in the cases above cited. There is nothing to indicate that the rule is not applicable to an executor who dies or is removed, as well as to one continu-

ing in office.  The order under review was applied for after the lapse of a year from the admission of the will to probate, and thus came within the terms of the section.  It is not claimed that the court abused its discretion in fixing the proportion of the commissions which the executor should receive. This part of the order settling the final account must therefore be sustained.

The order directing the special administrator to pay attorneys' fees and costs is reversed.  The orders settling the first and final accounts of the executor are reversed, in so far as they make the costs and fees incurred in defending the contest a charge against the estate; in other respects they are affirmed.  The reversals herein ordered shall not bar the right to apply for, and to have considered and decided, any renewed application for the payment out of the estate of the costs and attorneys' fees incurred in the defense of the contest.

Shaw, J., and Angellotti, J., concurred.