[S. F. No. 6819. Department One.—December 11, 1914.]

In the Matter of the Estate of DAVID J. PIERCY, Deceased. EDWARD M. PIERCY, Appellant; ANDREW J. PIERCY, as Administrator, Respondent.

ESTATE OF DECEASED PERSON—PERSONAL USE OF ESTATE PROPERTY BY ADMINISTRATOR—ACCOUNT PROPERLY CHARGEABLE WITH RENTAL VALUE.—Where the evidence sustained the conclusion of the probate court that an administrator, during his possession of the real property belonging to the estate, used and conducted it as his own, in conjunction with adjoining property belonging to him, that he kept no accounts of his use of the estate's property, that he mingled the proceeds of the estate with his own funds and had used them for his own purposes and benefit; and that it was impossible to ever find out the true state of the affairs of the estate, and what had been received and disbursed in connection therewith, the court properly ordered that the administrator be charged in his account with the reasonable rental value of the land of the estate for his use and occupation thereof.

ID.—ADMINISTRATOR ENTITLED TO POSSESSION OF ESTATE PROPERTY.— During the administration of the estate of a deceased person, the heir, although succeeding to the legal title, is not entitled to the possession of property of the estate. Until distribution, the right of possession is in the administrator.

ID.—CLAIM OF ESTATE PROPERTY BY ADMINISTRATOR—SUIT BY HEIR TO DETERMINE—RENTAL VALUE NOT RECOVERABLE IN—ADMINISTRATOR CHARGEABLE IN ACCOUNT FOR.—Where the sole heir of an estate, during administration, conveyed to the administrator real property belonging to the estate, and afterward brought suit to set aside the deed on the ground of fraud and undue influence, in which suit the administrator of her estate ultimately succeeded, such suit being against the defendant individually claiming title in himself, and plaintiff suing as the heir of the decedent, recovery for the use and occupation of the premises could not be had therein; and, therefore, the judgment is not a bar to a charge against the administrator in his account for such use and occupation.

ID.—STAY-BOND ON APPEAL—EFFECT OF JUDGMENT NOT EXTENDED BY.— The fact that the defendant in such a case gave a stay-bond, conditioned to pay the value of the use and occupation of the property pending an appeal, did not have the effect of extending the scope, as an adjudication, of the judgment appealed from.

ID.—REMOVAL OF ADMINISTRATOR—COMMISSIONS.—An administrator of the estate of a deceased person who has been removed by the court before the administration has been completed, is not entitled to the statutory commissions, but, at most, to such part thereof as the court

shall apportion to him upon a consideration of the respective rights of the successive administrators.

Id.—SUCCESSIVE ADMINISTRATORS—SECTION 1616, CODE CIVIL PROCEDURE, APPLICABLE TO.—The amendment of 1911 to section 1616 of the Code of Civil Procedure, providing for an application, after the expiration of one year from the grant of letters, for an allowance upon commissions of an executor or administrator, is applicable to successive administrators.

Id.—WHEN PARTIAL COMMISSIONS AND ATTORNEY'S FEES ALLOWABLE.— Where an administrator has been removed by order of court and he charged in his account the entire statutory commission, the court properly disallowed the charge. He should ask for a partial allowance, under section 1616 of the Code of Civil Procedure. A demand for an allowance for attorney's fees stands upon similar grounds.

Id.—RENTAL VALUE—CONFLICTING EVIDENCE—FINDINGS CONCLUSIVE.— In such a case, where the evidence is conflicting as to the rental value of the premises, but there is testimony to support the finding thereon, the conclusion cannot be assailed on appeal.

Id.—EVIDENCE—OPINION OF RENTAL VALUE—TESTIMONY OF EFFORTS TO RENT INADMISSIBLE.—In such a case where the appellant, testifying in his own behalf, had given his opinion of the rental value of the land, objection was properly sustained to a question as to what he had "undertaken to do with reference to renting this out."

APPEAL from an order of the Superior Court of Santa Clara County settling the account of an administrator of the estate of a deceased person. P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

Rogers & Bloomingdale, for Appellant.

John E. Alexander, Beasly & Fry and Fry & Jenkins, for Respondent.

SLOSS, J.—This is an appeal by Edward M. Piercy from an order settling his account as administrator of the estate of David J. Piercy, deceased.

David J. Piercy died intestate in February, 1901, leaving as his sole heir his mother, Mary Piercy. Edward M. Piercy was appointed administrator of his estate on April 10, 1901. In March, 1901, Mary Piercy executed a deed conveying to Edward the real estate which had descended to her as heir of David. In September, 1903, Mary commenced an action against Edward to set aside this deed on the ground of fraud

and undue influence. Judgment was rendered against her, but thereafter, on motion of Andrew J. Piercy, as administrator of her estate (she having died, and said Andrew having been appointed as such administrator and substituted as plaintiff in the action) a new trial was granted. (See *Piercy v. Piercy,* 149 Cal. 163, [86 Pac. 507].) On a retrial the plaintiff secured judgment decreeing that the title to the premises in dispute was vested in him as administrator of the estate of Mary. Edward appealed, giving a stay-bond in the sum of ten thousand dollars, to secure payment of the value of the use and occupation of the premises pending the appeal. The judgment was affirmed, the judgment of affirmance becoming final in June, 1912. (*Piercy v. Piercy,* 18 Cal. App. 751, [124 Pac. 561].) Thereupon steps were taken to compel Edward to file an account, and to have him removed as administrator. Before these matters had been disposed of, in October, 1912, Edward agreed to turn over the possession of the real estate in controversy, and possession was delivered. A first account theretofore filed had been disallowed. A second was filed on December 12, 1912. This, too, was disallowed, and the letters of administration of Edward were, on January 16, 1913, revoked. Andrew was appointed administrator of the estate of David on January 31, 1913.

On February 15, 1913, Edward filed a third account, which forms the subject of the present controversy. Considerable testimony was introduced. The court announced its conclusion that Edward M. Piercy had, during his possession of the real estate belonging to the estate, used it and conducted it as his own, in conjunction with adjoining property belonging to him, that he had kept no accounts of his use of the estate's property, that he had mingled the proceeds of the estate with his own funds and had used them for his own purposes and benefit; and that it was impossible to ever find out the true state of the affairs of the estate, and what had been received and disbursed in connection therewith. Accordingly, the court announced, Edward should be charged with the reasonable rental value of the land of the estate for his use and occupation thereof. That the evidence fully sustains the foregoing statement of the facts shown cannot be disputed and the appellant does not question the propriety, under this state of facts, of charging him with the rental value of the land, except that he makes the claim—to be considered later—that the

judgment in the action instituted against him by Mary Piercy bars such charge.

At this stage the court set a day for hearing evidence of rental value. Such evidence was introduced, and the court made an order fixing the rental value of the real property of the estate during the administration of Edward at one thousand seven hundred and forty dollars per annum; three hundred acres at three dollars and thirty cents each and seven hundred and fifty acres at one dollar each. Thereafter the order now appealed from was made. By it the court charged Edward with one thousand seven hundred and forty dollars per annum from April 10, 1901, to October 8, 1912. It refused the request of the respondent that the appellant be charged with compound interest on these sums, and refused to allow Edward any counsel fees or commissions.

The first point urged is that the respondent's claim for the value of the use and occupation of the premises might have been litigated in the action brought by Mary Piercy against the appellant, and that the judgment in that action is, therefore, a bar to a renewal of the same claim. A sufficient answer to this contention is that the value of the use and occupation could not have been recovered from the appellant in the former action. He was there sued as an individual, claiming title to property which, it was alleged, belonged to Mary Piercy. The substituted plaintiff in that case, as administrator of the estate of Mary Piercy, recovered judgment declaring that she (or her estate) was the owner of the property. But the title asserted by her was that of an heir of the estate of David Piercy. That estate had not been administered. During its administration, the heir, although succeeding to the legal title, was not entitled to the possession of the property. Until distribution, the right of possession was in the administrator. (Code Civ. Proc., sec. 1581; *Meeks* v. *Hahn,* 20 Cal. 620; *Washington* v. *Black,* 83 Cal. 290, [23 Pac. 620].) So that, whatever may have been the effect of the former judgment as an adjudication in favor of Mary, and against Edward, that the title was in the former, there could have been no recovery of the value of the use and occupation for the simple reason that, during the entire pendency of the action, the plaintiff therein was not entitled to the possession of the premises.. Furthermore, that action was against Edward M. Piercy as an individual. The judgment could not determine

CLXVIII Cal.—48

his liability to the estate as administrator, and this is the liability upon which the order now before us is based. The fact that he gave a stay-bond, conditioned to pay the value of the use and occupation pending the appeal, did not have the effect of extending the scope, as an adjudication, of the judgment appealed from.

The appellant complains of the refusal of the court to allow him administrator's commissions and counsel fees. The appellant had been succeeded as administrator by Andrew J. Piercy and the administration of the estate remained uncompleted. The former administrator was not, therefore, entitled to the statutory commissions, but, at most, to such part thereof as the court might apportion to him upon a consideration of the respective rights of the successive administrators. Prior to the amendment in 1911, of section 1616 of the Code of Civil Procedure, no such apportionment could be made until the estate had been completely administered and was ready for distribution. (*Estate of Barton,* 55 Cal. 87.; *In re Levinson,* 108 Cal. 456, [41 Pac. 483, 42 Pac. 479].) The amended section provides, however, for an application, after the expiration of one year from the grant of letters, for an allowance upon commissions. This provision is applicable to successive administrators. (*Estate of Jones,* 166 Cal. 147, [135 Pac. 293].)

It does not alter the rule that the statutory commissions are to be paid but once, and are to be apportioned among all the administrators. The appellant did not invoke the power of the court, under the amended section, to make an allowance on account of the commission which would ultimately be payable for the administration as a whole. He simply charged the estate, in his account, with the entire statutory commission. This charge the court refused to allow, and there can be no doubt that it was right in thus refusing. The appellant was clearly not entitled to what he asked, and, if he desired to have the court make a partial allowance on account, he should, in some way, have requested that the court exercise the discretion vested in it by the amended section 1616. This, so far as the record shows, he did not do, and it must accordingly be held that the court did not err in denying the only application made to it. This conclusion is no bar to the right of the appellant to proceed hereafter for a partial allowance under section 1616. The question, much discussed by coun-

sel, whether the misconduct of the appellant as administrator would justify the court in denying him any allowance of commissions, need not be here decided. It will remain open for consideration upon any future application that may be made, whether on final distribution or prior thereto.

The demand for an allowance for attorney's fees stands upon similar grounds.

Appellant's remaining points have to do with the determination of the rental value of the premises. It is claimed that the evidence does not sustain the court's finding in this regard. But an examination of the record discloses the familiar situation of a conflict in the evidence, and, since there is testimony supporting the conclusion reached, that conclusion cannot be assailed here.

It is further urged that the court below erred in sustaining objections to two questions asked by appellant of witnesses testifying on the matter of value. In one of these instances, that of the witness Dassel, the substance of the testimony sought to be elicited was brought out by later questions. The other question was put to the appellant himself. He was testifying in his own behalf and had·given his opinion of the rental value of the land. He was then asked what he had "undertaken to do with reference to renting this out." The court properly declined to permit an answer to this question. (See *Santa Ana* v. *Harlin,* 99 Cal. 538, [34 Pac. 224].)

The order is affirmed.

Shaw, J., and Angellotti, J., concurred.