[Civ. No. 6097. Second Appellate District, Division Two.—September 29, 1928.]

In the Matter of the Estate of HERMAN H. BOYER, etc., Deceased. LUCILE BOYER, Respondent, v. CHARLES A. SON, Appellant.

Crail, Shutt, Penprase & Miller for Appellant.

Joseph M. Maltby for Respondent.

WORKS, P. J.—This is an appeal from an order of the trial court fixing the fees of a special administrator upon the rendition of his final account and within one year following the admission of a will to probate. The only question to be determined is whether the court had jurisdiction to fix the fees within the time stated.

The point to be settled depends upon the construction of certain sections of the Code of Civil Procedure. As originally enacted in 1872, section 1417 provided merely for the rendition of accounts by special administrators. The section was amended in 1907 by adding a sentence to the effect that a special administrator "is entitled to a reasonable compensation for his services, to be fixed by the court at the time of the settlement of his final account." The section was recast in 1921 by the introduction of much new matter, but the verbiage of the amendment of 1907 was then omitted. The only language of the amendment of 1921 which bears upon the point presented on this appeal is to the effect that

the fees of a special administrator "shall be fixed by the court; provided, however, that the total fees paid to the special administrator and executor, or to the special administrator and general administrator of an estate must not, together, exceed the sums provided for in section 1618 of this code, including the further allowance therein provided. . . . And when the same person does not act as both special administrator and executor, or as special administrator and general administrator, of the estate, such fees shall be divided between the special administrator and executor, or between the special administrator and general administrator of the estate, in such proportions as the court shall determine, to be just and reasonable."

Section 1616 of the Code of Civil Procedure reads, in part: "At any time after one year from the admission of a will to probate, or the granting of letters of administration, any executor, or administrator, may, upon such notice to the other parties interested in the estate as the court shall by order require, apply to the court for an allowance to himself upon his commissions, and the court shall on the hearing of such application make an order allowing such executor or administrator such portion of his commissions as to the court shall seem proper, and the portion so allowed may be thereupon charged against the estate." Other parts of the section show that the fees or commissions referred to are the same as those alluded to in section 1417, that is, those provided for in section 1618. It is not necessary here to further state the provisions of the latter section.

Respondent contends that the expression "any . . . administrator," contained in section 1616, does not include a special administrator. In view of the provision of that section to the effect that an allowance on commissions may be made at any time after a year following the probate of a will or the issuance of letters of administration, the supreme court has uniformly held, in effect, if not expressly, that such an allowance may not be made to executors or general administrators within the year (*Estate of Jones*, 166 Cal. 147 [135 Pac. 293]; *Estate of Piercy*, 168 Cal. 750 [145 Pac. 88]). There appear to be no decisions which bear specifically upon the rights of special administrators who seek an allowance of fees before the close of administration, and it is in view of this fact that respondent makes the con-

tention already mentioned. In view of the matter imported into section 1417 by the amendment of 1921 it is reasonable to believe that the legislature intended the words "any . . . administrator," found in section 1616, to include a special administrator. As a special administrator's fees and those of an executor or general administrator must amount, when added together, to no more than the total allowable under section 1618, it is reasonable to suppose that the legislature did not intend an allowance to a special administrator until a time when the court, in making the allowance, could determine, with some degree of accuracy, what should be the total apportionment of fees as between a special administrator and the executor or general administrator, as an aid to concluding what partial allowance should be made to the special administrator. It would appear that the legislature determined that a sufficient time would elapse, for the purpose of making an intelligent solution of such a question, after the passage of one year. Indeed, if section 1616 were to be disregarded, and the question were to be solved according to section 1417 alone, there is great reason to believe that a special administrator could receive no part of his fees until the close of the estate over which he acts. Special administrators were doubtless in this unfortunate position under section 1417 as originally enacted. The code commissioner said, in explaining the amendment to the section, adopted in 1907: "As the law now stands, the compensation of a special administrator cannot be fixed until the final settlement of the estate." The amendment, as already observed, provided for a fixing of the compensation after final account. In 1911 the provision for an allowance on fees at the conclusion of a year was first inserted in section 1616. From that time forward, for ten years, the law thus stood: Under 1417 a special administrator could ask for an allowance on filing his final account, while under 1616 an executor or general administrator could make a similar request at the expiration of the year. At the end of the ten years, in 1921, the legislature so amended 1417 as to strike out the provision for an allowance to special administrators on final account. It would appear that if this amendment did not bring into play the words "any . . . administrator" in 1616, as affecting special administrators, those representatives were remitted by it to the state of the law under 1417

as originally enacted. Such a view would be unfair to them and calls for a construction of 1616 which would afford them relief. We see nothing to interfere with such a construction. In any event, we cannot so read the law as to see anywhere a jurisdiction conferred upon the superior court to make an allowance of fees to a special administrator within a year following the admission of a will to probate, or following the issuance of general letters of administration.

Order reversed.

Craig, J., and Thompson, J., concurred.