[Civ. No. 10448. First Appellate District, Division One.—May 20, 1937.]

MARION H. KOHN, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Pillsbury, Madison & Sutro, Philip S. Ehrlich, Walter McGovern, Eugene D. Bennett and Gerald S. Levin for Petitioner.

Theodore J. Roche, Sullivan, Roche & Johnson, Martin Minney, Jr., and Heller, Ehrman, White & McAuliffe for Respondents.

THE COURT.—A proceeding in *certiorari*. On August 8, 1934, special letters of administration in the matter of the *Estate of George A. Kohn, Deceased,* were issued by respondent. Neither letters testamentary nor general letters of administration were yet issued. On December 2, 1936, over objection respondent made its order allowing a sum on account of the commissions of the special administrators. Petitioner, who is beneficially interested in the estate, alleges that in so doing respondent acted without and in excess of its jurisdiction.

Section 467 of the Probate Code reads as follows: "The special administrator must render a verified account of his proceedings in like manner as other administrators are required to do. His commissions and the fees of his attorney shall be fixed by the court; but the total commissions paid and extra allowances made to the special administrator and executor, or to the special administrator and general administrator of an estate, must not, together, exceed the sums provided for in this code as commissions and extra allowances for the services of executors or administrators; and the total fees paid to the attorneys both of the special administrator and executor, or of the special administrator and general administrator, must not, together, exceed the sums provided in this code as compensation for the ordinary and extraordinary services of attorneys for executors or administrators." And section 904 of the same code provides: "Any executor or administrator, at any time after six months from the issuance of letters testamentary or of administration, and upon such notice to the persons interested in the estate as the court or a judge thereof shall require, may apply to the court for an allowance upon his commissions; and on the hearing the court shall make an order allowing him such portion of his commissions, for services rendered up to that time, as the court shall deem proper, and the portion so allowed may be thereupon charged against the estate."

Section 467 is based on the former section 1417 of the Code of Civil Procedure, and section 904 upon former section 1616 of the Code of Civil Procedure. *Estate of Boyer,* 94 Cal. App. 206 [270 Pac. 1005], was an appeal from an order fixing the fees of a special administrator upon the rendition of his final account and before the expiration of the year following the admission of the will to probate.

Said section 1616 contained a provision that "At any time after one year from the admission of a will to probate, or the granting of letters of administration, any executor or administrator may . . . apply to the court for an allowance to himself on his commissions. . . . " In view of this section it had been previously held in effect that such an allowance could not be made to special administrators or general administrators within the year. (*Estate of Jones,* 166 Cal. 147 [135 Pac. 293]; *Estate of Piercy,* 168 Cal. 750 [145 Pac. 88].) It was contended in the Boyer case that the expression "Any . . . administrator," contained in the section, did not apply to a special administrator, and that therefore the allowance within the year was proper. From its construction of these sections the court concluded, however, that the legislature intended the section to apply as well to special administrators, and that the provision restricting the power of the court with respect to the allowance of commissions should likewise apply; further, that in every case such an allowance could only be made after the issuance of letters of general administration.

Respondent urges that the latter conclusion was not necessary to the decision. Assuming the correctness of this contention, nevertheless the reasons given for such conclusion appear to us to be equally applicable to the present case. The court said: "As a special administrator's fees and those of an executor or general administrator must amount, when added together, to no more than the total allowable under section 1618, it is reasonable to suppose that the legislature did not intend an allowance to a special administrator until a time when the court making the allowance could determine with some degree of accuracy what should be the total apportionment of fees as between a special administrator and the executor or general administrator as an aid to concluding what partial allowance should be made to the special administrator. It would appear that the legislature determined that a sufficient time would elapse for the purpose of making an intelligent solution of such a question after the passage of one year."

Although respondent's arguments are not without force, we are satisfied that it was not the legislative intention to permit the payment of commissions prior to the issuance of general letters; nor is this view affected by the fact that there

may be instances where special administrators are granted general powers, or it appears that, acting under such powers, they have, as here, practically completed the administration of a particular estate. Any other rule would be calculated to foster practices detrimental to orderly administration, to correct which there would be no remedy by appeal, and with no corresponding benefit to estates.

The order is annulled.