[Civ. No. 2098. Fourth Appellate District.—September 21, 1938.]

In the Matter of the Estate of JEAN CAZAURANG, etc., Deceased. A. M. THOMPSON, Respondent, v. MARIE LEES THOMAS, Appellant.

Marion P. Betty and Porter C. Blackburn for Appellant.

A. M. Thompson, *in pro. per.*, for Respondent.

LEONARD, J., *pro tem.*—Jean Cazaurang died in 1929, and some time thereafter, Marie Cazaurang was appointed special administratrix of his estate, and continued to act as such administratrix until her death in 1937. From the time of her appointment until her death, covering a period of several years, the respondent, A. M. Thompson, acted as her attorney for said estate, and as such rendered considerable legal services for said estate. After the death of Marie Cazaurang, the San Diego Trust & Savings Bank was appointed special administrator of said estate.

Respondent filed a petition in the trial court praying that an order be made allowing him certain attorney's fees for extraordinary services, specifying in detail the services rendered. An answer to the petition was filed by appellant, Marie Lees Thomas, an heir and beneficiary, and thereafter, on September 17, 1937, over the objection of appellant, the trial court made an order finding that fees for extraordinary services should be allowed to respondent in the sum of $2,255, and ordered the special administrator to pay the same. The appellant, being an interested party, has appealed from such order.

No executor or general administrator had been appointed, and the estate was still under special administration.

It is appellant's position that the order was improperly made, in that, it was made pending special administration, and that any allowance for attorney's fees for any extraordinary services should be made, if at all, only after the appointment of an executor or general administrator. Sections 467 and 468 of the Probate Code and the code provisions referred to therein, are the only code sections relating to attorneys' fees for a special administrator. Sections

467 and 468, in so far as they relate to attorneys' fees, read as follows:

"Section 467. . . . His (the special administrator's) commissions and the fees of his attorney shall be fixed by the court . . . and the total fees paid to the attorneys both of the special administrator and executor, or of the special administrator and general administrator, must not, together, exceed the sums provided in this code as compensation for the ordinary and extraordinary services of attorneys for executors or administrators."

"Section 468. . . . When the same attorney does not act for both the special administrator and executor, or for the special administrator and general administrator, such fees shall be divided between the attorneys in such proportion as the court shall deem just."

Neither of these sections makes any express provision for attorney's fees for extraordinary services performed for the special administrator. The court is authorized to fix the fees of the attorney for the special administrator, and, doubtless, in fixing such fees may take into consideration all services rendered—ordinary and extraordinary.

Section 467 provides that the special administrator may receive "extra allowances", but contains no such provision for his attorney.

The total fees paid to the attorney for the special administrator, and the total fees paid to the attorney for the executor or general administrator must not, together, exceed the attorney's fees provided by the Probate Code (sec. 910) for the ordinary and extraordinary services for executors or administrators.

Section 910 of the Probate Code provides a definite means of ascertaining the amount of the attorney's fees for his ordinary services, but the allowance to be made for extraordinary services, if any, is left to the court to fix in a sum deemed "just and reasonable". No allowance therefor is to be made, unless such services have been rendered. It cannot be determined, in advance of general administration, whether such fees will be allowed, nor the amount to be allowed, if any.

The information necessary to be before the court to enable it to properly fix the attorney's fees for the special administra-

tor, under the code sections, is not available during special administration. Both sections 467 and 468 of the Probate Code apparently contemplate that the attorney's fees for the special administrator will not be fixed during the special administration. If the attorney representing the special administrator does not also represent the estate in general administration, then the fees shall be divided between the attorneys in such proportion as the court shall deem just.

It is apparent that the court is in no position to make an equitable division of the fees, if such division becomes necessary, while special administration is pending.

The Supreme Court, in an early case, considering the apportionment of fees between successive administrators under the law as it then existed, says:

"The administration of an estate is an entirety; there may be different persons in office at different times, or at the same time; but the claim of each to compensation must be considered with reference to the rights of each and all of the others." (*Estate of Barton*, 55 Cal. 87, 90.)

In the instant case, petitioner has already been paid by court order, without protest or objection, the sum of $2,275. With the additional allowance of $2,255 for extraordinary services, his allowed fees amount to $4,530, approximately $2,000 more than the statutory fees to be allowed the attorney upon general administration of the estate, if the amount accounted for on general administration should equal the present estimated value thereof, and assuming no unusual extraordinary services were rendered. No contention is made that the extraordinary services alleged to have been rendered were not reasonably worth the amount claimed and allowed. The objection is that the order was prematurely made.

In the case of *Kohn* v. *Superior Court*, 21 Cal. App. (2d) 100 [68 Pac. (2d) 755], the court had occasion to construe section 467 of the Probate Code in its relation to fees of a special administrator. The court, quoting from the case of *Estate of Boyer*, 94 Cal. App. 206 [270 Pac. 1005], says:

" 'As a special administrator's fees and those of an executor or general administrator must amount, when added together, to no more than the total allowable under section 1618, it is reasonable to suppose that the legislature did not intend an allowance to a special administrator until a time when the court making the allowance could determine with some de-

gree of accuracy what should be the total apportionment of fees as between a special administrator and the executor or general administrator as an aid to concluding what partial allowance should be made to the special administrator. It would appear that the legislature determined that a sufficient time would elapse for the purpose of making an intelligent solution of such a question after the passage of one year.' "

The court then continues:

"Although respondent's arguments are not without force, we are satisfied that it was not the legislative intention to permit the payment of commissions prior to the issuance of general letters; nor is this view affected by the fact that there may be instances where special administrators are granted general powers, or it appears that, acting under such powers, they have, as here, practically completed the administration of a particular estate. Any other rule would be calculated to foster practices detrimental to orderly administration, to correct which there would be no remedy by appeal, and with no corresponding benefit to estates."

While this decision relates only to that part of the section bearing upon special administrator's fees, the principle decided applies with equal force to the part relating to attorney's fees.

The judgment is reversed, each party to pay his own costs.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 19, 1938, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 17, 1938. Waste, C. J., and Curtis, J., voted for a hearing.