197 Cal.App.2d 560 (1961)
Estate of BURT WALLIS WINDIATE, Deceased. SECURITY FIRST NATIONAL BANK, as Special Administrator, etc., et al., Petitioners and Respondents,
v.
BENJAMIN STANLEY MOORE, Individually and as Executor, etc., et al., Objectors and Appellants.
Civ. No. 7. 
California Court of Appeals. Fifth Dist. 
Nov. 30, 1961.
 Robert Stevenson for Objectors and Appellants.
 Doddridge & Bonnar, Delmar W. Doddridge and Joseph Bonnar for Petitioners and Respondents.
 BROWN, J.
 Burt Wallis Windiate died testate on December 2, 1958. On December 10, 1958, pursuant to stipulation, Security First National Bank, hereinafter designated as Security, was appointed special administrator with general powers. Security qualified on January 8, 1959, and letters of special administration were issued. On November 20, 1959, an order was made admitting decedent's will to probate, appointing *563 Benjamin Stanley Moore as executor, revoking and setting aside the letters of special administration, and ordering Security to account and transmit the estate assets and papers to the executor.
 Thereafter, Benjamin Stanley Moore, hereinafter designated as objector, petitioned the court (1) to compel Security to transmit assets of the estate to the executor; (2) to take certain exceptions to Security's account, when filed; (3) to revoke and annul nunc pro tunc the letters of special administration; and (4) to hold Security in contempt for failure to transmit assets and documents of the estate to the executor.
 Subsequently Security filed a report and final account, which embodied a petition for apportionment of ordinary commissions and fees and for an allowance for extraordinary commissions. Objector filed numerous objections and exceptions to the account.
 The petitions, account and exceptions thereto, together with other petitions filed by objector and not relevant here, were heard together. On May 3, 1960, after full hearing, the court made appropriate findings of fact and conclusions of law and made and entered its order denying the petition to annul and revoke the letters of special administration, denying the petition to hold Security in contempt, and overruling the objector's exceptions to the account. On May 20, 1960, the court made an additional order approving payment of a claim, prorating statutory commissions and fees, allowing extraordinary commissions, and allowing reimbursement of court costs and expenses. Details of this order are more fully set out in this opinion.
 Objector appeals from both orders. The appeal from the order of May 3, 1960, must be dismissed.
 [1] The order denying the petition to revoke and annul nunc pro tunc letters of special administration is a nonappealable order. Section 465 of the Probate Code, authorizing in specified situations the appointment of a special administrator with general powers, expressly states: "Such order is not appealable. ..." Since no right of appeal from an order of appointment is conferred by statute, it follows that no right of appeal from an order refusing to revoke and annul letters of special administration exists. Further, the matter is moot. At the time objector filed his petition for an order revoking and annulling nunc pro tunc Security's letters, on March 13, 1960, there was on file a valid order which effectively revoked and set aside those letters as of November 20, 1959. *564
 [2] The order denying the petition to compel transmission of assets is not appealable. The petition, which supported an order requiring Security to show cause why it should not be punished for contempt and why it should not be surcharged, was primarily in the nature of a contempt proceeding, and was so treated by the court. [3] It is well established that a judgment or order in a contempt proceeding is not appealable. (See Code Civ. Proc., 1222; Taylor v. Superior Court, 20 Cal.2d 244, 246 [125 P.2d 1] and cases there cited; Travis v. Travis, 89 Cal.App.2d 291 [200 P.2d 843].)
 The issue presented by this order is also moot. Objector admits that Security delivered the assets and documents of the estate to the executor on June 6, 1960. The decision on this portion of the appeal cannot affect the thing in issue in the case before the court, i.e., transmission of the assets, which has already been completed.
 [4] The order denying or overruling objector's exceptions to Security's final account is a preliminary order and non-appealable. [5] The right to appeal in probate matters is purely statutory. Probate Code, section 1240, which controls appealable orders, makes no provision for an appeal based on an order of this type. (See Code Civ. Proc., 963, subd. 3; 3 Witkin, California Procedure, Appeal, 27, p. 2173.) Objector asks that this court reverse the trial court's order "settling the account of the special administrator." The record does not disclose such order. The only reference thereto is a finding to the effect that the account rendered does comply with the provisions of section 921 of the Probate Code. No order was made based thereon. We are cognizant of the judicial trend to construe the effect of an order of the court below to the end that an appeal may be determined on its merits, whenever it is possible to do so, but in this instance the record discloses no order at all upon which this portion of the appeal may operate.
 The issues remaining for consideration may be synopsized as follows:
 1. Whether the apportionment of commissions and fees should have been deferred until final accounting and distribution.
 2. Whether the court erred in allowing compensation for extraordinary services.
 3. Whether the claim of Longacre & Boyes should have been approved.
 4. Whether Mr. Doddridge, one of the attorneys for Security, *565 should have been reimbursed for court costs and expenses.
 Objector first contends that the apportionment of commissions and fees should have been deferred until final accounting and distribution.
 The trial court apportioned the commissions of the special administrator in a sum equal to 40 per cent of the statutory commissions based on assets of the value of $62,845 and apportioned a sum computed in like manner as fees for the services of its attorneys, without prejudice to a further application for apportionment at a later time.
 Prior to the 1911 amendments to section 1616 of the Code of Civil Procedure, no apportionment of statutory commissions or statutory fees could be made in advance of final accounting. (Estate of Jones, 166 Cal. 147 [135 P. 293]; Estate of Piercy, 168 Cal. 750 [145 P. 88].) [6] The present Probate Code, sections 904 and 911, which were derived from section 1616 of the Code of Civil Procedure, permit, prior to final accounting, apportionment between successive administrators (Estate of Jones, supra; Estate of Gonzales, 93 Cal.App.2d 440 [209 P.2d 21]) and between successive attorneys (Estate of Algee, 158 Cal.App.2d 691 [323 P.2d 221]) according to the services actually rendered by each.
 In Estate of Buchman, 138 Cal.App.2d 228 [291 P.2d 547], an apportionment of ordinary commissions between a special administrator and an executor and ordinary fees between their respective counsel at the time the special administrator accounted, was upheld. [7] The court stated, at page 234:
 "Respondent, as special administrator, and Mr. Alton, as its attorney, had the right to share in the statutory commissions and fees (Prob. Code, 467, 468). As to how the total statutory commissions and fees should be divided between the executor and his attorneys, and the special administrator and its attorney, was a matter within the discretion of the probate court, and there is nothing in the record here which shows an abuse of that discretion, and we cannot substitute our judgment for that of the court below in determining how these fees should be divided."
 [8] In the instant case, Security and its attorneys marshaled the assets of the estate; prepared an inventory; procured the appointment of an appraiser; had the estate assets appraised; arranged for the care of cattle owned by the estate for approximately two months; caused notice to creditors to be published; processed 14 claims against the estate; secured *566 court approval and paid all claims; collected income from securities and real property; prepared and filed an accounting; and prepared and filed the 1958 California income tax return.
 Objector contends that the asset valuation on which the allowances were based may be diminished by reason of collateral lawsuits in which the estate is involved. The allowances were ordered without prejudice to further apportionment upon application at a future time. Either party may apply for reapportionment at a time when more accurate information is available. It cannot be said that there was any abuse of discretion on the part of the court.
 [9] The court allowed $250 as a commission to Security for extraordinary services in connection with the sale of 18 head of cattle belonging to the estate. The sale was made pursuant to sections 463 and 770 of the Probate Code. Probate Code, section 902, does not restrict the court in the matter of an additional allowance. There is no dispute but that the services were rendered, and Security was entitled to some amount in addition to its regular commission. The amount allowed is within the discretion of the trial court. (Estate of Dow, 167 Cal.App.2d 707 [334 P.2d 1063]; Estate of Scherer, 58 Cal.App.2d 133, 142 [136 P.2d 103].) [10] To constitute reversible error, an allowance for extraordinary services must be on its face so far out of proportion to the value thereof as to constitute an abuse of judicial discretion. We cannot hold that such discretion was here abused. The award was properly allowed.
 [11] Objector criticizes, without directly attacking, the order of the court approving payment of a claim of Longacre & Boyes for legal services rendered to the decedent in the amount of $120. The basis of the criticism appears to be that the verified claim does not contain sufficient information. The objector concedes "It might well be valid." The testimony shows that the services were rendered to the decedent prior to death; that Mr. Boyes acted as a court-appointed referee in the matter of Windiate v. Windiate, Tulare County Superior Court Case No. 49921; that the trust department of Security inquired of opposing counsel in that case and was informed that the services were, in fact, rendered. A verified creditor's claim, in usual form, was presented and filed timely by the claimant, and was allowed by the special administrator and by the court. Payment was made timely and a voucher evidencing payment filed of record. Objector makes no claim *567 of wrongdoing or injury. The court did not err in approving payment.
 [12] It is next contended that the court erred in allowing one of Security's attorneys reimbursement in the amount of $71.07 for costs and expenses advanced for the benefit of the estate. An itemized statement of the costs and expenses was introduced in evidence and made a part of the record. It discloses the usual filing fees, clerk's fees for certified copies, publication fees and expense by way of telephone toll calls, postage and travel expense to Visalia. Section 1232 of the Probate Code reads as follows:
 "When not otherwise prescribed by this code or by rules adopted by the Judicial Council, either the superior court or the court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require."
 No prejudicial error appears in this respect.
 The appeal from the order dated May 3, 1960, is dismissed. The order dated May 20, 1960, is affirmed. Petitioners shall recover their costs on appeal.
 Conley, P. J., concurred.
 Stone, J., deeming himself disqualified, did not participate.