[S. F. No. 6037.   Department Two.—July 26, 1912.]

In the Matter of the Estate of THERESE BERTHOL, Deceased. ELSIE MOUSNIER, Administratrix of the Estate of Therese Berthol, Deceased, Appellant, v. E. K. TAYLOR, Executor of the Last Will and Testament of Joseph Morcel, Deceased, Respondent.

ESTATE OF DECEASED PERSONS—CONTEST OF WILL—COSTS OF UNSUCCESSFUL PROPONENT—ALLOWANCE CANNOT BE MADE UNTIL TERMINATION OF CONTEST.—While section 1720 of the Code of Civil Procedure places the matter of allowing costs and expenses incurred upon the contest of a will within the discretionary power of the court, and permits it to be exercised in favor of an unsuccessful proponent of a will, still this discretionary power should be exercised in his favor only "as justice may require," where he has acted in good faith, and can be properly exercised only upon the final determination of the litigation.

ID.—PREMATURE ORDER OF ALLOWANCE—REVERSAL WITHOUT CONSIDERATION OF MERITS.—An order allowing an unsuccessful proponent of a will his costs and expenses incurred in the contest, prior to the final determination thereof, is premature, and will be reversed without a consideration of the merits.

APPEAL from an order of the Superior Court of Alameda County allowing costs and expenses incurred by a person nominated as executor in a will in resisting a contest against the probate thereof. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

R. B. Tappan, for Appellant.

E. K. Taylor, for Respondent.

LORIGAN, J.—This is an appeal from an order allowing respondent's testate, who was one of the nominated executors under the last will of Therese Berthol, deceased, expenses incurred by such executor in resisting a contest against the probate of her will. Said nominated executor—Joseph Morcel—was made the principal beneficiary under the will and petitioned for its probate, whereupon a contest against the probate was filed by the daughter and only next of kin of deceased on the ground of alleged undue influence exercised by said Morcel upon the deceased to procure the execution of the will in his favor. The verdict of the jury on the trial of the contest was in favor of the contestant on that ground and the judgment was entered denying probate of the will therefor. Thereafter the motion of said Morcel for a new trial being denied, he appealed therefrom and from the judgment.

Subsequently, an administratrix of the estate of said Therese Berthol having been appointed, said Morcel applied to the superior court for an allowance out of her estate of his expenses incurred as nominated executor in the contest of the will on the ground that these expenditures were made in good faith. Pending this application Morcel died and respondent, as executor of his will, thereafter proceeded in the matter. Appellant, while admitting the expenditures in the sum claimed—$849.90—resisted the granting of the order, setting up in opposition thereto the verdict and subsisting judgment denying the probate of the will on the ground of undue influence of Morcel.

The court granted the application and made the order from which this appeal is taken.

The authority of the superior court sitting in probate to allow the costs and expenses of Morcel incurred in the contest of the will is based on section 1720 of the Code of Civil Procedure as follows: "When it is not otherwise prescribed in this title, the superior court . . . may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require." While this provision of the code places the matter of allowing costs and expenses within the discretionary power of the court, and permits it to be exercised in favor of an unsuccessful proponent of a will, still this discretionary power should be exercised only in his favor "as justice may require" where he has acted in good faith, and such discretion can be properly exercised only upon the final determination of the litigation. When the order here appealed from was made there was no final determination of the controversy respecting which this allowance was claimed. It is only then that the court can properly determine whether it would be justified in making the allowance or not. In that respect the principle is declared in the *Estate of Yoell,* 160 Cal. 741, [117 Pac. 1047], where there was under consideration an allowance for expenditures in the contest of a will, and where, in reversing the order, this court said: "The final determination of the litigation, consequently, must have a weight in influencing the court in the exercise of the discretion to award costs with which the law has vested it, and not until the final determination can that discretion "be properly exercised."

In applying this principle, the merits of the application upon which an order purports to be based are not involved, hence, we make no discussion of them here. The court is simply without discretion to make any order until the final determination of the controversy. Under this view the superior court should have declined to entertain or act on the application in behalf of the nominated executor Morcel until the litigation was ended and the probate of the will finally allowed or rejected.

The order appealed from is reversed.

Henshaw, J., and Melvin, J., concurred.