[Civ. No. 3510.   Second Appellate District, Division One.—September 27, 1921.]

C. L. CAINE et al., etc., Appellants, v. ALICE E. POLKINGHORN, Respondent.

[1] BROKERS' COMMISSION—CONTRACT—EXECUTION IN CAPACITY OF ADMINISTRATRIX—PAROL EVIDENCE—WAIVER.—In an action by real estate brokers to enforce a personal liability against an administratrix of an estate for the payment of a commission based on a contract signed by her in her individual capacity, the plaintiffs cannot be heard to say on appeal that the trial court erred in admitting parol testimony that personal responsibility was not intended, where such evidence was received without objection and was given in contradiction of testimony given by the brokers themselves.

APPEAL from a judgment of the Superior Court of Los Angeles County.   J. P. Wood, Judge.   Affirmed.

The facts are stated in the opinion of the court.

N. Lindsay South and Hugh M. Bole for Appellants.

L. M. Chapman and Ward Chapman for Respondent.

CONREY, P. J.—This is an action to recover upon an alleged contract to pay a commission to the plaintiffs as agents for the sale of real property. The defendant, against whom personally the plaintiffs seek to obtain judgment, was administratrix of the estate of W. A. Polkinghorn, deceased, to which estate the land belonged. Under date August 7, 1919, the defendant signed an agreement authorizing the plaintiffs to sell the land for the sum of twenty thousand dollars, or any less amount thereafter authorized by her, on terms therein stated, and agreed that if the plaintiffs should sell such property, or be instrumental in selling the same, she would pay them five per cent commission on the selling price. Defendant signed the contract individually, without any indication of her representative capacity. The contract contained no reference to the fact that the land was property of the estate. Nevertheless, the court found that at the time of signing said contract the plaintiffs were informed by defendant that the property belonged to the estate of W. A. Polkinghorn, deceased, and knew that she was administratrix thereof; that prior to the execution of the agreement of date October 29, 1919, next hereafter mentioned, and before the plaintiffs had secured and presented a purchaser of the property, the plaintiffs were informed by the defendant that the sale thereof must be confirmed by the court, and that she was offering the property for sale as administratrix of said estate. This finding is supported by the testimony of the defendant, introduced without objection. In fact, the first oral evidence on these matters was that of Mr. Caine, and was presented on behalf of the plaintiffs. Mr. Caine testified that on August 7th, Mrs. Polkinghorn stated that the land was her property, and did not mention an estate. Mrs. Polkinghorn, on the contrary, testified that she told them that she was administratrix, and was selling the property in order to close the estate.

On October 29, 1919, plaintiffs received from one Otto Loescher the sum of one thousand dollars as deposit and partial payment on sale to him of said land for the full purchase price of nineteen thousand dollars, remainder to be paid upon execution of deed, together with abstract or certificate of title "showing title in said property to be in the said owner." The owner was not named in this receipt, but the defendant signed an acceptance thereof

wherein she further stated that she agreed to pay the plaintiffs one thousand dollars ''as their commission for negotiating said sale, to be paid from the first money received on the purchase price.'' Her signature to this acceptance was ''Alice E. Polkinghorn, adm.''

At that time the defendant told the plaintiffs that it was necessary for her to get an order from the court and that she would go right ahead with it. Before anything further was done, the administratrix received from another party a bid of twenty thousand dollars for this property, which she accepted and reported to the court for confirmation. When the matter came before the court, Otto Loescher appeared and made an offer to the court in the sum of twenty-two thousand dollars, which by order of the court was accepted, and the land officially sold to him for that sum. In the proceedings before the court no order was made for the allowance or payment of any agency commission.

The findings in this action state that the ''defendants'' procured Otto Loescher to make said agreement of October 29th. Other statements in the findings indicate that this was a clerical error and that the court intended to find that this was done by the plaintiffs. Under the evidence there is no doubt that the plaintiffs did procure Loescher to make that agreement. Assuming this to be the fact, we have to consider whether or not the judgment should be affirmed. Section 1559 of the Code of Civil Procedure, as then in force, read as follows: ''Any executor or administrator may enter into a contract with any *bona fide* real estate agent to secure a purchaser for any real property belonging to an estate, which contract shall provide for payment to such agent out of the proceeds of sale to any purchaser secured by him of a commission, the amount of which must be fixed and allowed by the court upon confirmation of the sale. If a sale to a purchaser obtained by such agent is returned to the court for confirmation and said sale be confirmed to such purchaser, such contract shall be binding and valid as against the estate for the amount so fixed and allowed by the court. By the execution of any such contract no personal liability shall attach to the executor or administrator, and no liability of any kind shall be incurred by the estate unless an actual sale is made and

confirmed.'' **[1]** In view of these provisions of the code, it is clear that the defendant did not become personally liable to pay commissions to the plaintiffs, unless the words of the contract, together with the attendant circumstances, established beyond successful denial that the administratrix intended to waive the benefit of the protection thus afforded to her by the statute, and intended to and did contract to become personally liable to the plaintiffs for commissions on the sale if made through their instrumentality. It is contended by appellants that she did make such an agreement and that the defendant should not have been permitted to show by parol evidence contrary to the terms of the contract as written that personal responsibility of the defendant was not intended. But, as we have seen, that evidence was received without objection, and was given in contradiction of testimony given by the plaintiffs. Therefore appellants cannot now be heard to say that the court erred in receiving such evidence. In addition to the testimony of the defendant, we have the further fact that in the agreement of October 29th, when the deposit was made by Otto Loescher, the plaintiffs took the signature of the defendant with words of addition showing that she was administratrix. This agreement differed from the written agreement of August 7th in three particulars—viz., in changing the proposed sale price, in the form of signature of the defendant, and in the measure of compensation to be received by the plaintiffs.

Under the facts thus proved, the defendant is entitled to claim the benefit of the provisions of the code, hereinbefore quoted, to the effect that no personal liability shall attach to an administrator upon a contract entered into by the administrator, to pay an agent's commission for securing a purchaser for property belonging to the estate.

In *Hay* v. *McDonald,* 33 Cal. App. 572 [165 Pac. 1030], this court reviewed the authorities bearing upon the subject of liability upon a contract made by an agent in his own name, and held that for the purpose of establishing the liability of the principal where an agent contracts in terms not fully expressing his representative capacity, parol evidence is admissible to show that it was understood by the parties that another person was intended to be bound. But it was further stated that ''while parol evidence in such a case as this is competent, it is not competent for the purpose

of exonerating the signer from personal liability, but is competent for the purpose of extending the liability to other parties for whom the signer may have intended to contract and for whom he had authority to contract." A rehearing in that case was denied by the supreme court. It must be admitted, however, that that decision, as quoted, must be limited in its application, or else it will not be consistent with some prior expressions of opinion by the supreme court. We have in mind the case of *Bean* v. *Pioneer Mining Co. et al.*, 66 Cal. 451 [56 Am. Rep. 106, 6 Pac. 86], wherein the action was upon a promissory note signed "Pioneer Mining Company, John E. Mason, sup't." and it was sought to charge the defendant Mason personally. The court held that where the contract bears on its face no suggestion of agency, parol evidence is not competent for the purpose of exonerating the signer from personal liability if the other party to the instrument chooses to hold him personally liable, *"unless there was evidence that the signer was duly authorized to contract for the corporation, and that credit was actually given to the corporation alone."* The court further said: "Even if it could be said that there were no indications suggestive of agency on the face of the note herein sued, evidence was admissible tending to prove that the consideration for the note was received by the Pioneer Mining Company, and the credit extended to the company alone. The absence of proof of the other circumstance— his actual power to act for the corporation—would not render Mason personally liable, under the decisions in this state. If it was known to the payee that the note was given by Mason as superintendent of the company, and in recognition of an indebtedness of the company, Mason is not bound *on the note*, even if he had no power to execute the instrument for the company. (*Blanchard* v. *Kaull*, 44 Cal. 440; *Lander* v. *Castro*, 43 Cal. 497; *Hall* v. *Crandall*, 29 Cal. 568 [89 Am. Dec. 64].)" In the present action it must be conceded that the defendant had authority to sell the land, subject only to the approval of the court; likewise, under the section of the code hereinabove quoted, she had authority to employ an agent and to agree to pay a commission, the amount of which, however, must be fixed and allowed by the court. Since the code section further exempted the executrix from personal liability on such con-

tract, that provision of the code must be read into the contract in connection with the evidence that the plaintiffs knew that they were dealing with an administratrix. Since it does not appear from the evidence, or the findings of the court, that the conduct of the defendant in contracting with the plaintiffs was other than the ordinary conduct of an administrator in dealing with the property of an estate, our conclusion is that personal liability of the defendant has not been established.

The judgment is affirmed.

Shaw, J., and James, J., concurred.