[S. F. No. 12100. Department Two.—September 15, 1928.]

E. B. PARSONS et al., Appellants, v. G. W. LUHR et al., Respondents.

Fred L. Dreher and J. Ed. McClellan for Appellants.

Earl J. Sinclair, George G. Olshausen and Howard H. Desky for Respondents.

LANGDON, J.—Appeal by plaintiffs and cross-defendants from a judgment against them, ordering them to remove a eucalyptus tree which is growing on the boundary line between the property of the plaintiffs and the property of the defendants. The action was commenced by plaintiffs, who alleged that the tree in question was a large eucalyptus tree, having a circumference of approximately eight feet; that it was planted for ornamentation and shade; that the trunk stands partly on the land of plaintiff and partly on the land of defendants; that defendants have threatened and now threaten to cut down or injure or destroy said tree. It is alleged that said tree is of the age of approximately twenty-five years and cannot be replaced if destroyed and that unless defendants are restrained, they will cause irreparable damage to plaintiffs. An injunction is asked.

The answer and cross-complaint denies that the trunk of said tree stands partly on the lands of plaintiffs and partly

upon the lands of defendants, and alleges that only a portion of the roots of said tree and certain limbs of said tree project and extend over the lands of said defendants and further alleges: "that it has not been their intention at any time to cut down or destroy said tree, but simply to remove those portions of the limbs and roots thereof which extend over and upon the property of said defendants." The pleading then continues with allegations to the effect that said eucalyptus tree has been growing upon the land of plaintiffs for many years; that it has been allowed to grow to such size that it has caused damage to the land of defendants by lessening its value and that by reason of its enormous size and brittle qualities it is a constant menace to the house and property of said defendants; that in the past limbs have fallen from said tree endangering the lives and property of said defendants; that the land of defendants is planted with lawn and garden and that the roots from said tree sap the land of said defendants and extract therefrom the elements necessary to permit the growth of such lawn and garden; that the leaves continually fall from said tree and so cover the lawn and garden of plaintiffs as to give it an untidy appearance; that the said tree by reason of the facts alleged constitutes a nuisance. It is prayed that the nuisance be abated and that the plaintiffs be directed to remove the tree.

The trial court found that the parties were adjoining land owners; that for many years prior to and at the time of the trial of said action there was growing upon the land of plaintiffs a large eucalyptus tree; that said tree had been allowed by said plaintiffs to grow to such a size that it has crowded over on to the land of defendants and has pushed its roots into the land of defendants and has and still continues to cause damage to the land of said defendants by lessening its value and that by reason of its enormous size and brittle qualities it is a constant menace to the house and property of said defendants; that in the past limbs have fallen from said tree, endangering the lives and property of said defendants; that the land of defendants is planted to lawn and garden and that the roots from said tree sap the land of said defendants and extract therefrom the elements necessary to permit the growth of such lawn and garden; that leaves continually fall from said tree and so cover the

lawn and garden of plaintiffs as to give it an untidy appearance. There are also omnibus findings to the effect that all the allegations of defendants' cross-complaint and answer are true, except as otherwise found, and that all the allegations of plaintiffs' complaint and of plaintiffs' answer to the cross-complaint are untrue, except as otherwise found. The judgment ordered plaintiffs to abate said tree as a nuisance by removing its trunk and its roots extending into the land of defendants.

Upon the appeal it is argued at great length that the findings are not sustained by the evidence. We have examined the transcript and have ascertained that the findings, in so far as they are material to the judgment, are abundantly supported by the record. Since the tree was found to be a nuisance, it is immaterial whether it is situated wholly on the land of plaintiffs or on the boundary line between the lands of the parties. It is also immaterial whether the defendants' land was planted to lawn and garden or only to lawn, as contended for by appellants.

A further argument is made against the judgment because of the obvious clerical error in the finding that "the leaves continually fall from said tree and so cover the lawn and garden of *plaintiffs* as to give it an untidy appearance." This finding followed the allegation in the cross-complaint relating to this matter, and it is obvious from a reading of that pleading that a clerical error was made by the pleader and copied by the one drawing the findings. The evidence is to the effect that the leaves fell from the tree and covered the porch and lawn of defendants. It would seem that this court should have and does have power to correct obvious typographical errors such as this one, and it has been so held. (*Caine* v. *Polkinghorn,* 54 Cal. App. 387, 389 [201 Pac. 936].) However, if that power be lacking, the finding, read literally, would be no bar to the judgment; it would simply be immaterial, and the other findings would be sufficient to justify the conclusion that the tree was a nuisance. A question similar to the problem in the instant case was presented in the case of *Stevens* v. *Moon,* 54 Cal. App. 737 [202 Pac. 961], wherein it was decided that roots of eucalyptus trees, projecting into the land of neighbors and killing vegetation by depriving such vegetation of nourishment and

moisture constitute such trees a nuisance. (See, also, *Shevlin* v. *Johnston*, 56 Cal. App. 563 [205 Pac. 1087].)

The finding that the tree in question was a constant menace to the property of the defendants is sustained by the testimony to the effect that in the past large branches had fallen on the roof and porch of defendants' house, one of such branches tearing a hole in the roof; that the leaves filled the gutters, and littered the porch and lawn. Clearly, under the testimony appearing in the record here and the findings of the trial court, this tree was "an obstruction to the free use of property so as to interfere with the comfortable enjoyment of life or property." (Sec. 3479, Civ. Code.)

The judgment is affirmed.

Richards, J., and Shenk, J., concurred.