[Civ. No. 232. Fourth Appellate District.—June 18, 1930.]

G. L. WILSON, Appellant, v. MABEL VIVIAN FLEMING et al., Respondents.

Clarence S. Preston and Jesse George for Appellant.

Sweet, Stearns & Forward and E. L. Eckart for Respondents.

BARNARD, J.—In this action plaintiff seeks to recover a commission for his services as a real estate broker in finding a purchaser for land belonging to the estate of a decedent. The action finally went to trial on a fourth amended complaint, which itself had been twice amended. When the first witness was called to the stand the defendants objected to the introduction of any evidence on the ground that the complaint did not state facts sufficient

to constitute a cause of action. After argument, the trial court sustained this objection and entered a judgment of dismissal of the action, from which judgment the plaintiff has appealed.

The complaint is lengthy, but for the purposes of this appeal it may be briefly summarized as follows: After alleging that the plaintiff is a licensed real estate broker, and that the defendants are the duly appointed executrices of the last will and testament of A. G. Gassen, deceased, it alleges that on or about September 22, 1922, pursuant to employment by the defendants in their said representative capacity, the plaintiff as a broker procured a purchaser who was desirous, willing and able to purchase certain lands belonging to said estate; that the defendants entered into a contract to sell said land to said purchaser for $210,000, receiving $10,000 on account; that at the same time, they agreed to pay the plaintiff the sum of $10,000 as a commission for procuring said purchaser; and that on October 23, 1922, they made a return of said sale to the court, praying confirmation thereof. It is then alleged that said return of sale "was and is in writing and subscribed by the defendants and each of them as such executrices, and contained a memorandum of their aforesaid agreement to pay plaintiff said sum of Ten Thousand Dollars ($10,000.00) for his services in the finding of said purchaser as aforesaid, and negotiating said sale"; that the court later made an order confirming said sale and confirming said agreement to pay to the plaintiff the sum of $10,000; that the terms of sale as set forth in the return of sale were, $10,000 already paid; $10,000 on November 1, 1922; $65,000 on February 12, 1923, and $125,000 on February 12, 1924, the last payment of $125,000 to be secured by a trust deed on the property; and that in said return of sale the defendants set forth the following:

"That the said Executrices have agreed, subject to the approval of this court, to pay a real estate broker a commission of $10,000 in the event said sale shall be consummated and the said property conveyed and disposed of as hereinbefore stated by virtue thereof."

It is then alleged that said defendants and their attorney "with the intent on the part of the defendants to defraud and deprive plaintiff of his right to the payment promptly

of said broker's commission, and to deprive and defraud him of his said commission *in toto* in the event said purchaser should suffer default in the payment of said instalment of $65,000.00,'' falsely and fraudulently misled the plaintiff into believing that they would have said sale confirmed with a provision therein for the payment of a commission to plaintiff in any event, and without regard to whether any further payments were made by the purchaser, which is alleged to have been agreed between them; that although the plaintiff was in court at the time the purported sale was confirmed, he did not hear what was said; and that, although plaintiff relied upon the good faith of defendants and their attorney, they fraudulently concealed from the court that they had agreed to pay plaintiff a commission in any event, and falsely and with intent to defraud plaintiff represented to the court that they had agreed to pay said commission only when the sum of $65,000 was paid. It is then alleged that in consequence of such fraudulent acts on the part of the defendants, the court, in confirming the sale, provided for the payment of a commission as follows:

''It is further hereby ordered that the said Executrices are hereby authorized to pay to G. L. Wilson, a real estate broker of the City of San Diego, California, the sum of Ten Thousand ($10,000.) Dollars as and for his commission for making said sale, such payment to be made only upon the execution by him of a receipt acknowledging the payment and satisfaction of all his charges and commissions in connection with said sale, and upon the payment to said Executrices, of the said sum of Sixty-five Thousand ($65,000) Dollars.''

It is then alleged that after said order of confirmation was filed the purchaser therein mentioned paid the defendants a second installment of $10,000; that no other or further payment has ever been made by said purchaser; that said purchaser defaulted in the payment of the $65,000 when due; that several extensions of time were given him and thereafter the said contract of purchase was terminated and canceled; and that the defendants have ever since retained the amount paid as part of the assets of the estate. It is further alleged that the defendants failed to take steps to enforce payment from said purchaser, but later

sold the land in question to another buyer; that the defendants failed to collect from the defaulting purchaser as deficiency a sum sufficient to pay plaintiff his commission; that shortly after the order of confirmation defendants paid the plaintiff $1,000, but failed to pay the rest of the amount due; that because of said provision of said order of confirmation of sale, which was secured by the false representations and fraudulent conduct of the defendants, the plaintiff is unable to collect the amount due him until said order of confirmation is corrected and reformed by striking therefrom the words "and upon the payment to said executrices of the said sum of Sixty-five Thousand ($65,000.00) Dollars." Plaintiff then prays that said order of confirmation of sale of real estate be by decree of the court corrected and reformed by striking out the words above mentioned, and that he recover $9,000 with interest, payable out of the assets of the estate of A. G. Gassen, deceased.

It is appellant's contention that the order confirming the sale was procured by fraud, in that the return of sale fraudulently set forth an agreement to pay a commission conditioned upon certain facts, when the actual agreement was to pay a commission without any conditions, and that under such circumstances an action in equity may be brought to reform and correct the order so fraudulently obtained, and declaring that the estate is holding the amount due to the plaintiff in trust for him.

Assuming that such a return of sale in an estate constitutes a sufficient memorandum under subdivision 6 of section 1624 of the Civil Code, and leaving out of consideration a number of other questions (such as: whether the plaintiff herein was bound by his notice of the proceedings, both actual and constructive, and by his failure to pursue his remedy as an interested party in the probate proceedings; whether such an order confirming a sale of real estate could be modified in such a proceeding as this; and whether such fraud as is here alleged is extrinsic or intrinsic), we think that the complaint here shows upon its face that the plaintiff cannot recover, for a number of reasons.

In the first place, plaintiff's right to recover depends upon section 1559 of the Code of Civil Procedure, and depends upon his having entered into a contract which

not only meets the requirement of the statute of frauds, but meets the requirements of such section. This section provides that such a contract shall provide for the payment of a commission to an agent "out of the proceeds of sale to any purchaser secured by him." Even if we assume that such a contract between an executor and an agent need not be in writing, or that the contract referred to in this complaint was in writing, the complaint shows that no such provision as just quoted was contained in the contract here relied on. The complaint contains no allegation that the purported contract had any provision that such a commission should be paid out of the proceeds of the sale to the purchaser secured by the agent. Plaintiff throughout his complaint, in alleging the actual agreement as made and in alleging that the return of sale to the court fraudulently represented an agreement as to the commission which was not in fact made, alleges that the payment of the commission in question was never at any time or in any manner dependent upon whether anything was paid at all by the purchaser, but that the actual agreement was that the commission was to be paid "in any event." After a number of general allegations to that effect, the complaint contains a separate paragraph reading as follows:

"That there never was at any time any agreement by and between plaintiff and defendants or either of them that the payment of plaintiff's aforesaid broker's commission or any part thereof should await or depend upon any payment or payments to be made or agreed to be made by the purchaser of said land, but, on the contrary defendants, as such executrices, at the time of their employment of plaintiff as aforesaid, promised and agreed to pay him his aforesaid broker's commission at all events and when he should procure a purchaser of said lands at the aforesaid price and acceptable to them, all of which services were by plaintiff performed and rendered for defendants as hereinbefore alleged."

Nor is the absence of such a provision in the contract relied on cured by the coincidence that in this particular case, according to the complaint, an amount of money had already been paid by the purchaser sufficient to just pay the commission claimed. Plaintiff's only right to a commission depends upon such a contract as is authorized

by this section, and which complies with the requirements thereof. Neither he nor the executrices had the right to make a contract such as he claims to have made, whereby the commission was payable in any event when he had procured a purchaser, and which should not depend upon any payment, or upon any payments agreed to be made, by said purchaser. The contract must provide that the commission must be paid out of the proceeds of that particular sale. We think that to hold this provision of the statute does not mean what it says, would open the door to the many evils which the statute was thus worded in order to prevent. If that portion of the statute means nothing in one case, it means nothing in other cases, and to so hold would be to permit the making of such a contract, with that provision left out, in cases where the down payment was not sufficient to cover the commission claimed. The failure to comply with the positive provisions of the statute is not cured by the fact that in this case there was money available which happened to come from that source.

In the second place, the complaint shows no actual sale was made within the meaning of section 1559 of the Code of Civil Procedure. This section provides in part:

"By the execution of any such contract no personal liability shall attach to the executor or administrator, and no liability of any kind shall be incurred by the estate unless an actual sale is made and confirmed to the purchaser procured by said agent."

It is true that as between individuals, and unless the terms of their contract are to the contrary, the broker is entitled to a commission when the purchaser procured by him is accepted by the owner. The result in any case depends upon the contract in that case. But where such a contract is made with the executors of an estate, it is subject to the additional provisions and limitations of section 1559. In fact, this section is by law a part of any such contract, and the provisions thereof must be read into the same. (*Caine* v. *Polkinghorn,* 54 Cal. App. 387 [201 Pac. 936].) In the case of *Dunne* v. *Colomb,* 192 Cal. 740 [221 Pac. 912, 913], the court said:

"The default of the vendee, with a consequent destruction of the right. of the broker to his commission, was a

contingency inherent in the contract, the risk of the occurrence of which was assumed by the broker.''

That was so held in that case because the contract there in question provided that the commission was to be paid in the event a contract for the purchase of the land should be entered into by the buyer, and in the further event that the full purchase price should be paid. While a satisfactory contract was entered into and $10,000 paid down, the balance of the purchase price was never paid. The same principle applies in the instant case. Under section 1559, which must be read into plaintiff's contract and without which he has no right at all, it is particularly provided that no liability of any kind shall be incurred by the estate, unless the sale is confirmed to the purchaser procured by the broker and unless an actual sale is made. This last contingency is inherent in the contract, and the risk of a default by such a vendee must be assumed by the broker. Under section 1551 of this code, an executor is permitted to make a sale upon credit, but must take a mortgage or deed of trust for deferred payments. This necessarily implies the passing of a deed. ▉ We think that not until such a deed is passed and a mortgage or deed of trust taken for such payments as are deferred, has a sale been actually completed within the meaning of section 1559. No other kind of sale is permitted by our law. We think this provision was expressly adopted for the purpose of protecting an estate from any liability for the payment of such a commission, in any case where the purchaser fails to complete the deal, even though the same has been confirmed by the court, and even though the contract for a commission would otherwise be binding under the preceding sentence of this section. Any other interpretation would open the door to innumerable frauds and to the frittering away of estates while they are in the hands of and under the protection of the court, both where the sale is fraudulent, and where it is, though honestly made, to a purchaser who cannot or will not complete the transaction.

▉ A third reason why the plaintiff may not recover in this action is that under the circumstances alleged by him to be true, the amount of his commission has not been fixed by the court, which is a prerequisite under section 1559. While an amount was fixed by the court as being

justly due and payable under certain conditions, plaintiff seeks by his complaint to set aside and wipe out those conditions and yet recover the amount fixed. Not only must the amount of the commission be fixed and allowed by the court, but the amount thereof is necessarily within the discretion of the court. Unquestionably, a proper use of this discretion would involve an allowance of compensation that was in fair proportion to the benefits conferred upon the estate. If, as may be assumed, $10,000 would have been a fair compensation for the plaintiff had the estate received the benefit of the sale in question and actually sold the land for $210,000, it would by no means follow that this was a fair amount to be allowed, if all the estate received was $10,000, which amount had been paid prior to the confirmation. Not only has the court a discretion as to the amount of such commission, but under section 1554 of the same code the court must be satisfied that the sale was legally made and fairly conducted, and under section 1552 thereof, the court must examine into not only the necessity for the sale, but "the advantage, benefit and interest of the estate in having the same made." As we understand the law, if a return had been made of the sale of the land here in question for $210,000 payable at $10 a month, the court would not have been compelled to confirm the sale. The requirement that the court must examine into the advantage, benefit and interest of the estate in passing upon the sale, involves a duty upon the court to see that the terms of sale are fair. In performing this duty the court has a discretion in determining what the terms shall be and how much shall be paid before a deed to the land passes from the estate. We think that this discretion must be exercised, and that a proper compliance therewith must be had, before there is an actual sale within the meaning of this section. Until that occurs no commission ordered to be paid by the court can become a liability against the estate. In considering the benefits to the estate, the court must consider any commission to be paid and unless the court abuses its discretion in naming the conditions upon which a commission will be paid in its order of confirmation, those conditions must be met before the estate is liable. In the instant case, the court has not fixed or

allowed a commission to be paid under such circumstances as are alleged in the complaint to exist.

█ Nor are the allegations of fraud set up by the plaintiff of assistance to him in the situation in which he finds himself. Aside from all other considerations, the fraud claimed and relied upon is that the court was fraudulently induced to enter an order along such lines as alone could be legally followed by the court, and that the defendants fraudulently failed to attempt to get the court to enter such an order as it could not legally enter. If the acts complained of were done by the defendants, they resulted in no harm to the plaintiff.

Many other points are raised and discussed in the briefs which it is unnecessary to consider under the view we take of the points we regard as controlling.

For the reasons given the judgment is affirmed.

Marks, Acting P. J., and Ames, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 14, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 11, 1930.