[S. F. No. 16393. In Bank. Mar. 24, 1942.]

Estate of JAMES McL. MITCHELL, Deceased. PHILLIP I. MANSON et al., Appellants, v. O. L. HAMILTON, Respondent.

Thos. A. Allan and Manson & Allan for Appellants.

Stanley Peddler and Kenneth Ferguson for Respondent.

SHENK, J.—The executors of the will of James McL. Mitchell, deceased, appeal from an order directing them to pay to the respondent a real estate commission on the sale of real property consummated and confirmed by the court in the course of the administration of the estate of the decedent.

The respondent, a duly licensed real estate agent, was employed under a contract in writing to sell a ranch belonging to the estate. The authorization was contained in a letter written by one of the executors in response to a letter of the respondent requesting authority to list the property. The executor wrote: ''We refer you to your letter of December 1, 1938, in which you inquired of the James McL. Mitchell ranch near Morgan Hill. We would be pleased to list this property with you for sale. For your information the inheritance appraisal on this property is $34,000.00. Any sale would be subject to court approval, and all offers should be accompanied by a check for not less than 10 per cent of the offered

price. Before taking any client to the property it will be necessary to make an appointment with Mrs. Mitchell, who is now residing on the premises.''

The respondent showed the property to Mrs. Doudell and her son. Mrs. Doudell eventually purchased the property from the executors. In confirming the sale the probate court found that the authority of the respondent to show the property was legally sufficient, that the respondent was the procuring cause of the sale, and was entitled to a commission of five per cent of the purchase price of $30,600.00.

The contention is made by the respondent that the order directing the executors to pay the commission is not an appealable order. The 1935 amendment to section 1240 of the Probate Code provides that an order instructing or directing an executor or administrator is appealable. (*Howaldt* v. *Superior Court,* 18 Cal. (2d) 114 [114 P. (2d) 333] ; *Estate of Keet,* 15 Cal. (2d) 328 [100 P. (2d) 1045].) The order appealed from should be deemed such an order.

The appellants contend that the agency contract was not in compliance with section 760 of the Probate Code, and was therefore void. That section provides: ''The executor or administrator may enter into a written contract with any bona fide agent to secure a purchaser for any real or personal property of the estate, *which contract shall provide for the payment to such agent out of the proceeds of a sale to any purchaser secured by him of a commission,* the amount of which must be fixed and allowed by the court upon confirmation of the sale; and when said sale is confirmed to such purchaser, such contract shall be binding and valid as against the estate for the amount so allowed by the court. By the execution of any such contract no personal liability shall attach to the executor or administrator, and no liability of any kind shall be incurred by the estate unless an actual sale is made and confirmed by the court.'' (Emphasis added.)

It is true that the contract here does not expressly provide for a commission and that such commission shall be paid out of the proceeds of the sale. However, a proper application of the code section does not require a holding that the contract here involved was void because the substance of the clause which we have italicized in the foregoing quotation was not copied into the contract.

Although the parties did not expressly provide for a commission it is not seriously questioned that a commission was

intended if a sale was consummated and confirmed by the court. The exchange of letters clearly indicated that a commission was contemplated. A statement therein of the amount of the commission would be nugatory, for the reason that the statute requires the court to fix the commission upon the confirmation of the sale.

Prior to the enactment of section 1559 of the Code of Civil Procedure (now section 760 of the Probate Code), it was held that an executor or administrator could not bind the estate by a contract for a broker's commission on the sale of real property. (*Hickman-Coleman Co.* v. *Leggett,* 10 Cal. App. 29 [100 Pac. 1072]; *Estate of Shaw,* 85 Cal. App. 518, 524 [260 Pac. 351].) One of the purposes of the amendment was to authorize executors and administrators to bind the estate by such contracts subject to approval by the court.

Furthermore the words, "shall provide for the payment to such agent out of the proceeds of a sale to any purchaser secured by him of a commission . . ." as used in this section are not necessarily mandatory in the sense urged by the appellants. The word "shall" has been held in some cases to be merely directory. (*Pappadatos* v. *Superior Court,* 209 Cal. 334, 335 [287 Pac. 342]; *Rutledge* v. *City of Eureka,* 195 Cal. 404, 424 [234 Pac. 82].) ▮ Whether it should be construed to be mandatory or directory depends on the intention of the legislature in enacting the section. (*In re Chadbourne,* 15 Cal. App. 363 [114 Pac. 1012].) In the last cited case it was stated: "We must assume that the legislature had before it this policy of the law when it enacted the statute in controversy. And while the language upon its face seems to be mandatory, the cardinal canon of interpretation requires, of course, that we give effect to the intention of the lawmakers, though it may seem opposed to the letter of the statute," citing *Chauncey* v. *Dyke Bros.* 119 Fed. 1, 9 [55 C. C. A. 579].

The appellants rely on the case of *Wilson* v. *Flemming,* 106 Cal. App. 542 [289 Pac. 658], as support for their contention that the contract must recite that the commission be paid out of the proceeds of the sale. In that case the statute was invoked to protect the estate from a claim for commission under a contract which was different from the contract authorized by the statute and where no actual sale was made within the meaning of its provisions. The court said that the contract should provide that the commission be paid out of the pro-

ceeds of the sale, but its failure to so provide was not the ground of the decision. The court's statement meant no more than that the statute provided a limitation on the power of the executors and of the courts in authorizing commissions for the sale of real estate under written contracts of agency. In that case it was also recognized that "this section is by law a part of any such contract, and the provisions" of the section "must be read into" the contract, citing *Caine* v. *Polkinghorn*, 54 Cal. App. 387 [201 Pac. 936]. The cases relied on by the executors do not support a conclusion that the contract was void because it omitted expressly to include the provisions of the statute.

In this case the words of section 760 are to be considered as mandatory only in so far as they impose a limitation on the source of payment of the commissions, that is, solely from the proceeds of the sale.

We conclude that the statute effects the inclusion of the limitation in the contract and that failure to include it in the writing does not render the contract void.

The order is affirmed.

Gibson, C. J., Curtis, J., Houser, J., Carter, J., and Traynor, J., concurred.