[Civ. No. 18370.   Second Dist., Div. Two.   Oct. 24, 1951.]

Estate of WILLIAM S. HART, Deceased.   THOMAS C. GOULD et al., Appellants, v. WILLIAM S. HART, JR., Respondent.

Spray, Gould & Bowers for Appellants.

Freston & Files and Eugene D. Williams for Respondent.

McCOMB, J.—The executors of the estate of decedent, William S. Hart, appeal from the portion of a judgment omitting provision for costs in favor of the proponents of decedent's will after a judgment refusing revocation thereof.

They also purport to appeal from (a) an order of the court amending the judgment, and (b) an order of the court striking the cost bill.

*Facts*: After verdicts of a jury sustaining decedent's will a judgment denying a petition for revocation of the will was filed containing this provision: "And that proponents have and recover from said contestant their costs and disbursements amounting to the sum of $——."

Thereafter the coexecutors filed a memorandum of costs and disbursements in the sum of $15,335.99. Subsequently the trial court upon motion of the contestant struck the above quoted provision for costs from the judgment.

Section 383 of the Probate Code reads as follows: "If the probate is not revoked, the costs of trial must be paid by the contestant. If the probate is revoked, the costs must be paid by the party who resisted the revocation or out of the property of the decedent, as the court directs."

■ *Question: Is section 383 of the Probate Code merely directory and not mandatory?*

*Yes.* ■ There is a cardinal rule of construction of code provisions that where a legislative enactment is susceptible of two constructions, one consistent and the other inconsistent with the provisions of the state Constitution, such enactment will be so construed as to make it harmonious with the Constitution. (See cases cited in 5 Cal.Jur. (1922) § 46, p. 615.)

■ In the present case if section 383 of the Probate Code were to be held mandatory it would be unconstitutional as contrary to the provisions of article I, section 11, of the state Constitution, which reads as follows: "All laws of a general nature shall have a uniform operation."

It is evident that there is no logical or reasonable basis or distinction for mandatorily awarding costs against a contestant *after* a will has been admitted to probate and not awarding the same costs against a contestant of a will *before* it is admitted to probate. Therefore by construing the code provision as merely directory it is consistent with the constitutional provision.

This rule is consistent with the decided cases which hold that costs in a will contest should not be allowed prior to the

final determination of the contest, which, where an appeal has been taken as in the instant case, is not until after there has been a final disposition of the appeal. (*Estate of Berthol,* 163 Cal. 343, 344 [125 P. 750].)

The trial court was therefore correct in striking the provision from the judgment and in making an order leaving the determination of costs until there had been a final determination of the litigation on appeal.

The two orders from which an appeal has been taken are not listed in section 1240 of the Probate Code and are therefore nonappealable. (*Estate of Hart,* 92 Cal.App.2d 691, 692 [208 P.2d 59].)

The judgment appealed from is affirmed. The purported appeals from the order of the court amending the judgment and the order of the court striking the cost bill are dismissed.

Moore, P. J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 18, 1951. Carter, J., voted for a hearing.