[Civ. No. 19553.   Second Dist., Div. Three.   July 22, 1953.]

Estate of WILLIAM S. HART, Deceased. WILLIAM S. HART, JR., Appellant, v. WILLIAM R. McKAY et al., Respondents.

Freston & Files, Eugene D. Williams and Ralph E. Lewis for Appellant.

Spray, Gould & Bowers for Respondents.

312

VALLÉE, J.—Appeal by William S. Hart, Jr., referred to as Hart, Jr., from parts of an order settling and assessing costs of trial and appeal in a will contest.

William S. Hart, Sr., died testate on June 23, 1946. After probate, Hart, Jr., instituted a contest of the will which was decided adversely to him by a jury, and a judgment was entered denying his petition for revocation of probate of the will. The trial court ordered a provision awarding costs to the proponents of the will stricken from the judgment. On appeal by the executors from that order, it was affirmed. Since Hart, Jr., had appealed from the judgment, the court held that the determination of costs should await a final determination of the litigation on appeal. (*Estate of Hart*, 107 Cal.App.2d 58 [236 P.2d 891].) On the appeal from the judgment, it was affirmed. (*Estate of Hart*, 107 Cal. App.2d 60 [236 P.2d 884].) Thereafter, the parties filed cost bills: (1) Hart, Jr., for his costs ($4,106.89) on the trial of the contest. (2) The executors for their costs ($15,948.97) on the trial of the contest and on the appeal from the judgment. Hart, Jr., also made a motion for an order that his costs be paid out of the estate; and the executors made a motion for an order settling and taxing their costs. The motions were opposed and affidavits were filed on behalf of Hart, Jr., in support of his motion and in opposition to the motion of the executors. The affidavits sought to have the costs of the executors paid out of the estate.

The court ordered the costs of the executors taxed against Hart, Jr., and the costs of Hart, Jr., disallowed. Hart, Jr., appeals from these parts of the order.

The executors contend the parts of the order appealed from are nonappealable. ■ We held in the *Estate of Hart*, 92 Cal.App.2d 691 [208 P.2d 59], that the right of appeal in probate matters is purely statutory; that a proceeding to revoke probate of a will is a probate matter; and that the only appealable judgments and orders in probate matters are those listed in Probate Code section 1240 and an order granting a new trial in those proceedings in probate in which the motion is proper. ■ Section 1240 provides that an order refusing to direct an executor is appealable. (See *Estate of Mitchell*, 20 Cal.2d 48, 50 [123 P.2d 503].) The parts of the order appealed from should be deemed orders directing the executors. ■ The right to appeal is determined by the legal effect of an order, not by its form. (*Estate of West*, 162 Cal. 352, 356 [122 P. 953].) The affirmative opposition

of Hart, Jr., to the motion of the executors sought an order that they recover their costs out of the estate. ▮ The order awarding the costs of the executors against Hart, Jr., was in effect an order refusing to direct the executors. The record shows that Hart, Jr., by his cost bill and by his motion, was seeking an order directing the executors to pay his costs out of the estate. The effect of the order made was to refuse to so direct the executors. We hold that the parts of the order appealed from are appealable.

▮ Section 383 of the Probate Code reads: "If the probate is not revoked, the costs of trial must be paid by the contestant. If the probate is revoked, the costs must be paid by the party who resisted the revocation or out of the property of the decedent, as the court directs." Section 383 is directory, not mandatory. (*Estate of Hart,* 107 Cal.App.2d 58, 59 [236 P.2d 891].) Section 1232 reads: "When not otherwise prescribed by this code or by rules adopted by the Judicial Council, either the superior court or the court on appeal, may, in its discretion, order costs to be paid by any party to the proceedings, or out of the assets of the estate, as justice may require." Rule 26 (a) of the Rules on Appeal in pertinent part reads: "In probate cases, in the absence of an express direction for costs by the reviewing court, costs on appeal shall be awarded to the prevailing party, but the superior court shall decide against whom such award shall be made." The remittiturs on the appeals from the order striking the provision awarding costs and from the judgment expressly provided "Respondent to recover costs on appeal." Hart, Jr., was the respondent on the appeal from the order; the executors were the respondents on the appeal from the judgment.

Hart, Jr., contends the trial court abused its discretion in ordering that he pay the costs of the executors and in refusing to order his costs paid out of the estate. He argues that the discretion of the trial court is not unlimited or unrestricted but must be exercised to accomplish justice; and that, under the decisions, the prime factor to be considered in the exercise of such discretion is the good faith of the parties concerned.

*Estate of Powers,* 97 Cal.App.2d 888 [218 P.2d 1007], was an appeal from an order which denied a motion of an unsuccessful contestant in a will contest for the allowance of his trial and appellate costs. He contended, as does Hart, Jr., that if an unsuccessful contestant acted in good faith, the court must make such an allowance and that its failure to

do so is an abuse of discretion as a matter of law. The court said (p. 890): "There is no such rule of law," and, after quoting section 383 of the Probate Code, that in a contest after probate in which the probate is not revoked, as was in the proceeding here, trial costs "must be paid by the contestant." As to costs on appeal, the court stated (p. 892): "Under the present rules, the probate court, so far as appeal costs are concerned, and even where the appellate opinion is silent as to costs, only has the power to decide who shall be liable for costs, and has no power to award them. The appellate court is now the only court that has power to award appeal costs to either a successful or unsuccessful contestant. Once an appeal has been determined, and where, as here, the appellate court makes no specific mention of costs, the unsuccessful contestant and litigant is not entitled to costs, the probate court has no power to award them, and the litigant's sole remedy, if any, would be in the appellate court on a petition to recall the remittitur."

Hart, Jr., argues that insofar as *Estate of Powers* said that trial costs "must be paid by the contestant" it is not a correct statement of the law. *Estate of Hart,* 107 Cal.App.2d 58 [236 P.2d 891], decided on constitutional grounds that section 383 is directory and not mandatory. The court in *Estate of Powers* did not consider the constitutional question, nor does it appear to have considered whether the word "must" should be construed as merely directory. ▮ We are in accord with the views expressed in *Estate of Hart,* 107 Cal. App.2d 58 [236 P.2d 891], and hold that in a contest after probate if the probate is not revoked, the court has discretion to determine whether a contestant shall pay the costs incurred by him or whether they shall be paid out of the estate.

In *Estate of Bump,* 152 Cal. 271 [92 P. 642], the order admitting the will to probate after contest provided that the costs of the contest be taxed against the estate. The court stated the rule applicable to trial costs thus (pp. 273-274): "We can conceive of cases in which the duty of a widow, or other person entitled to administration of an estate in case of intestacy, to contest the probate of an alleged will, might be as plain and urgent under the circumstances known to such person, as would be the duty of an executor already appointed, or one nominated as executor, in a will offered for probate, or a legatee thereunder, to oppose a contest and endeavor to establish such will. The provision of the code above quoted [now Prob. Code, § 1232] is very general in

its terms and applies as well to a party contesting a will as to one proposing it. It puts the entire matter of costs within the sound discretion of the court, and we think it must be held that such discretionary power extends to and includes the case of an unsuccessful contestant. It is proper to say, however, that such cases must be rare and the circumstances must be peculiar indeed to justify such an order in favor of a contestant who has failed, and that, as this court under its rules is sometimes compelled to sustain a discretionary order where it has grave doubts of its propriety, the trial court should use great caution and make such orders only in very extreme cases presenting great hardship and where it appears that the contestant has acted in the utmost good faith throughout the proceeding. . . . The presumptions are all in favor of the action of the court below.''

*Estate of Yoell,* 160 Cal. 741, states (p. 743 [117 P. 1047]) :
''It is proper to add, in contemplation of the fact that the law (with but few restrictions) permits a person to dispose of his property by will in such manner as he sees fit; that another law which permits one to contest the will and perhaps lay bare the secrets of a testator's life, and to cloud his reputation after his death, and then permits him to recover all his costs even when his efforts so to destroy the will have proven futile, is exceptional in that it takes one man's property and bestows it upon another, when that other has been making an unsustained attack upon the testamentary act of the person whose estate is thus compelled to pay for the attack.''

In *Estate of Berthol,* 163 Cal. 343 [125 P. 750], it was said that the discretionary power under section 1232 (then Code Civ. Proc., § 1720) should be exercised in favor of an unsuccessful party only ''as justice may require'' where he has acted in good faith.

In *Henry* v. *Superior Court,* 93 Cal. 569, the court stated (p. 572 [29 P. 230]) : ''All the provisions of the code bearing upon the subject of probate contests indicate that good faith and reasonable cause are the things to be inquired into by the court, in the exercise of its discretion.''

Some of the statements we have quoted may be dicta; we think, however, they are correct and sound statements of the law.

Since the remittitur on the appeal from the judgment expressly directed that the executors should recover their costs on appeal, it was within the discretion of the superior

court, under rule 26 of the Rules on Appeal, to decide against whom the award should be made—whether against the estate or against the contestant.

In *Estate of Williams,* 110 Cal.App.2d 50 [242 P.2d 26], a will contest, the trial court awarded the unsuccessful contestant his trial costs out of the estate. The reviewing court held that the trial court had abused its discretion and annulled the order. The trial court also assessed the prevailing parties' costs against the estate. The reviewing court held this was an abuse of discretion and ordered that they be assessed against the unsuccessful contestant, the court saying (p. 55): "In that litigation, which respondent started, the proponent won and the contestant lost, and there was no reason whatever to assess these costs *against the winning side* instead of the losing side." *Estate of Williams* did not erroneous hold, as Hart, Jr., argues, that a trial court has no discretion, but is required to assess costs against the contestant. The reviewing court merely held that on the facts the trial court had abused its discretion.

Hart, Jr., argues at length that a prevailing party's costs should not be assessed against the contestant, but against the estate. The matter is one in the discretion of the trial court; and unless there is an affirmative showing on appeal of a manifest abuse of discretion, the action of the trial court may not be disturbed.

We agree with Hart, Jr., that among the matters the trial court should consider in exercising its discretion, are the contestant's relation to the testator, the good faith of the contestant, the naturalness of the will, the size of the estate, its solvency, and the ultimate result of the contest. It should also consider the provisions of the will, the grounds of contest and whether there was any reasonable basis for urging them, the evidence introduced at the trial of the contest, and the entire history of the litigation. In considering these matters and in exercising its discretion, it should apply the rules that the cases "must be rare and the circumstances must be peculiar indeed to justify" an order in favor of an unsuccessful contestant, and that it should use great caution and make such an order "only in extreme cases presenting great hardship and where it appears that the contestant has acted in the utmost good faith throughout the proceeding."

In support of his contention that the court abused its discretion, Hart, Jr., says: the executors did not request or urge that their costs be taxed against him; the will was made at a

time when the decedent was over 80 years of age and about two months before his death; at the time the will was made he had been suffering from serious ailments for a considerable period of time; the appraised value of the estate was in excess of $1,179,000 which was more than sufficient to pay all specific legacies to relatives and charity, and to make a gift of real estate for park purposes provided for in the will, and to provide a trust fund for its upkeep and leave a residue for him (Hart, Jr.,); experienced counsel, prior to the trial, had analyzed the evidence and had found it adequate; investigation had been made concerning the personal history of the deceased; his (Hart, Jr.'s,) personal record was excellent; the contest was decided only after the jury had deliberated for five full days; the lengthy deliberations of the jury indicate that the issues involved were not easily determined.

The contest was brought on the grounds of unsoundness of mind, undue influence, and that the testator suffered from monomania at the time the will was executed. The judge who ruled on the order appealed from was the trial judge. In exercising his discretion, he took into consideration the evidence introduced at the trial of the contest and the entire history of the litigation, including the fate of the disputed document. There were 7,800 pages of testimony taken at the trial. This testimony is not a part of the record on this appeal. ██ Assuming, but not deciding, we may take judicial notice of it since it was included in the record on appeal from the judgment, we cannot undertake the intolerable burden of searching that record to ascertain whether the court abused its discretion in making the order with respect to costs. Hart, Jr., does not refer us to any parts of that record in support of his contention. As we have said, he filed affidavits in support of his motion. We are unable to say whether the testimony given at the trial accords with the facts set forth in the affidavits. The testator declared in his will that he made no provision for Hart, Jr., because ''I have amply provided for him during my lifetime.'' The executors say, referring to specific parts of the testimony on the trial of the contest, that such financial provision had actually been made, and that there was evidence that the testator had repeatedly stated that any further financial provision for his son would be unwise and detrimental to his character. It appears that the testator established a trust with a bank, of which Hart, Jr., is the beneficiary, which was of a value of $101,959.45 at

the time of the trial of the contest. It further appears that on the trial of the contest, Hart, Jr., sought to show that his father, the testator, had been guilty of incest with his sister, Hart, Jr.'s, aunt, for which there was no basis in fact.

"In a legal sense discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason, all of the circumstances before it being considered. [Citation.] An abuse of discretion is never presumed but must be affirmatively established by the party complaining of the provisions of the order. [Citations.] The burden is on the party complaining of the order to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice an appellate court will not substitute its opinion and thereby divest the trial court of its discretionary power." (*Berry* v. *Chaplin,* 74 Cal.App.2d 669, 672 [169 P.2d 453].)

There is nothing in the record before us to indicate that the learned trial judge did not exercise sound judicial discretion in the matter. He stated:

"I felt that it would be the better part of discretion, and also the equitable way to handle a matter of this kind, to have the matter of costs follow the outcome of the case in the same manner as any other case. . . . I can see no reason, Mr. Williams, why costs in this case shouldn't equitably follow the usual rule. [Prob. Code, § 383.]"

We hold the court did not abuse its discretion in not assessing Hart, Jr's., trial costs against the estate. We cannot say, as a matter of law, that the court abused its discretion in awarding the trial and appeal costs of the executors against Hart, Jr. Respondents will recover their costs on this appeal from appellant.

Affirmed.

Wood (Parker), J., concurred.

SHINN, P. J.—I dissent. I think this is just the type of case in which the court should charge the costs of the executors against the estate and that it was an abuse of discretion to charge their costs of some $16,000 against the contestant, but not an abuse of discretion to require him to pay his own costs. When a vain and bitter old man, in his dotage, possessed of an estate of more than a million dollars, is so bereft of the natural instincts of a father as to disinherit his only son and leave vast properties as a public park for his own perpetual

glorification, and where the son, through eminent counsel files a contest and it takes a jury some five days to decide the merits of the contest, this, I say, is just the sort of situation the court spoke of as "rare" and "peculiar" in *Estate of Bump,* 152 Cal. 271 [92 P. 642], in which an order was approved which charged the estate with the costs of an unsuccessful contest by the widow. I would reverse the order, insofar as it charged appellant with the costs of the executors.

A petition for a rehearing was denied August 7, 1953. Shinn, P. J., was of the opinion that the petition should be granted.

Appellant's petition for a hearing by the Supreme Court was denied September 17, 1953.