Filed 6/21/22  Cockren v. Brown CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DUSTIN J. COCKREN,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BOB D. BROWN, as Cotrustee, etc. et al.,<br><br>Defendants and Appellants. | F081073<br><br>(Super. Ct. No. BPB-16-002660)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Robert S. Tafoya, Judge.

Dake, Braun & Monje, Craig N. Braun, for Defendants and Appellants.

Fennemore Dowling Aaron, Kenneth M. Byrum, Leigh W. Burnside, and Daniel O. Jamison, for Plaintiff and Respondent.

-ooOoo-

Our opinion in this case is issued simultaneously with our opinion in a companion case, *Cockren v. Brown et al.*, F080282 [nonpub. opn.]). Both appeals arose from the same case in probate court. Case No. F080282 is the appeal from the probate court's ruling on the questions at issue during the trial in the matter. The instant case is an appeal of the probate court's ruling on a post-trial motion for attorney's fees.

These two cases arose from a trust created by William Rommel. We will summarize the essential facts. Rommel amended and restated an existing trust in 2013. Rommel was in his 90s at the time, had a broken back, and died two weeks after he signed the amended trust. A dispute arose as to whether Rommel had included an oil and gas lease (oil lease) and the oil and gas rights (oil rights) underlying the lease, in the amended trust.

Dustin Cockren, the petitioner below and respondent on appeal, filed a petition under Probate Code section 850 against two co-trustees of the amended trust, Bob Brown and Kelley Brown, seeking distribution, from the trust, of the oil lease, royalty payments arising from the oil lease, and the oil rights underlying the lease. The co-trustees argued in the probate court that they could not transfer the oil lease or oil rights to Dustin because before Rommel died, he did not sign *separate* transfer documents (apart from the trust itself) to convey the legal title of his oil lease and oil rights to the trust. The probate court rejected the co-trustees' contentions and ruled in favor of Dustin.

Among other remedies, the probate court ordered the co-trustees to execute a conveyance of Rommel's oil assets to themselves as trustees and distribute them to Dustin and to distribute the royalty payments to Dustin as well. The probate court further found the co-trustees had acted in bad faith under Probate Code section 859 by, among other things, failing to distribute the royalty payments generated by the oil lease to the named trust beneficiary (*who had assigned her interest to Dustin*) and instead distributing the payments to co-trustee Kelley Brown. Consequently, the probate court surcharged the co-trustees by awarding Dustin double damages under Probate Code section 859.

2.

Pursuant to Probate Code section 859, along with imposing the surcharge, the probate court concluded that "Petitioner [Dustin Cockren] shall also recover his attorney's fees and costs incurred in this proceeding by filing a timely memorandum of costs and separate motion for attorney's fees under the rules in civil cases."

As noted, the co-trustees, Bob Brown and Kelley Brown, appealed, in case No. F080282, the probate court's ruling. In that case (see above), we affirmed the probate court's ruling in all respects, including that court's determination that the co-trustees had acted in bad faith under Probate Code section 859, triggering liability for double damages and attorney's fees.

As for post-trial proceedings in the probate court, Dustin filed a motion for attorney's fees and costs pursuant to Probate Code section 859, and the co-trustees filed an opposition. The probate court granted Dustin's motion for attorney's fees and costs. This appeal by co-trustees followed. We affirm.

## FACTS

To recapitulate, in the underlying probate court case, which was brought pursuant to Probate Code section 850, the probate court entered judgment in favor of petitioner/respondent Dustin Cockren, finding that decedent William Rommel intended to, and did, convey his oil and gas lease and the underlying oil and gas rights to his revocable living trust, and that such assets, along with the royalty payments generated by the lease, should have been distributed after his death to the named beneficiary in the trust instrument and then to Dustin.

The probate court determined the co-trustees had acted in bad faith by misappropriating the royalty payments generated by the oil and gas lease at issue (Rommel had entered into the lease with an oil company). In this regard, the court observed: "There has not been one iota of evidence presented by the Co-Trustees to justify their retention of these funds, whether in their capacity as co-trustees or in their individual capacities. Kelley Brown testified the Settlor told her that he intended that the

3.

royalty checks be given to [the beneficiary named in the trust]. At a minimum, the Co-Trustees knew these proceeds did not belong to them yet they kept the funds anyway. This is bad faith plain and simple." The probate court added: "If [the co-trustees] had any doubt concerning how to dispose of the royalty checks they received following the death of the Settlor they were obligated to exercise reasonable due diligence in finding answers. They did absolutely nothing." The court awarded Dustin double damages and attorney's fees pursuant to Probate Code section 859.

Dustin filed a motion for attorney's fees and costs. The co-trustees opposed the motion largely on the basis they had not acted in bad faith and, therefore, attorney's fees were not recoverable under Probate Code section 859.[1] The probate court granted Dustin's motion and awarded him attorney's fees in the amount of $94,805.90 and costs of $3,268.99.

## DISCUSSION

Where attorney's fees are recoverable by statute, they are treated as an allowable cost item under Code of Civil Procedure section 1033.5, subdivision (a)(10)(B). (See *Chinn v. KMR Property Management* (2008) 166 Cal.App.4th 175, 194 (*Chinn*) [a party may seek recovery of his or her attorney's fees as an allowable item of cost where such fees are authorized by contract, statute or law], overruled on other grounds by *DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140.) The party seeking fees must file a noticed motion under Code of Civil Procedure section 1033.5, subdivision (c)(5). (See *Chinn*, *supra*, at p. 194 ["the proper method to recover attorney

---

[1] Probate Code section 859 provides, in pertinent part: "If a court finds that a person has in bad faith wrongfully taken, concealed, or disposed of property belonging to … a trust, or the estate of a decedent … the person shall be liable for twice the value of the property recovered by an action under this part. In addition … the person may, in the court's discretion, be liable for reasonable attorney's fees and costs. The remedies provided in this section shall be in addition to any other remedies available in law to a person authorized to bring an action pursuant to this part."

fees is as an item of costs awarded upon noticed motion"].)  An award of costs is subject to three considerations:  (1) "[c]osts are allowable if incurred, whether or not paid"; (2) "[a]llowable costs shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation"; and (3) "[a]llowable costs shall be reasonable in amount."  (Code Civ. Proc., § 1033.5, subd. (c)(1), (c)(2), (c)(3).)

The trial court's ruling on a motion for attorney's fees is generally reviewed for abuse of discretion.  (See *Mepco Services, Inc. v. Saddleback Valley Unified School Dist.* (2010) 189 Cal.App.4th 1027, 1045; *Akins v. Enterpise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1134 ["The amount of an attorney fee to be awarded is a matter within the sound discretion of the trial court."].)

As explained by our Supreme Court in *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132, the " ' "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." ' " (See *Estate of Hart* (1953) 119 Cal.App.2d 310, 318 [unless the complaining party establishes both a clear case of abuse and a miscarriage of justice, " 'an appellate court will not substitute its opinion and thereby divest the trial court of its discretionary power' "]; also see *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 556-557; *Gouskos v. Aptos Village Garage, Inc.* (2001) 94 Cal.App.4th 754, 762 [" 'A decision will not be reversed merely because reasonable people might disagree.' "].)

In regard to a trial court's granting of an award of attorney's fees, "[t]he only proper basis of reversal of the amount of an attorney fees award is if the amount awarded is so large or small that it shocks the conscience and suggests that passion and prejudice influenced the determination." (*Akins v. Enterpise Rent-A-Car Co.*, *supra*, 79 Cal.App.4th at p. 1134.)  However, in the absence of a clear showing otherwise, " 'a trial court should be presumed to have acted to achieve legitimate objectives and, accordingly,

5.

its discretionary determinations ought not be set aside on review.' " (*Gouskos v. Aptos Village Garage, Inc.*, *supra*, 94 Cal.App.4th at p. 762.)

Co-trustees Bob Brown and Kelley Brown challenge the probate court's award of attorney's fees to Dustin Cockren on a single ground, namely that the co-trustees "did not act in bad faith, and thus should not be subject to a $94,805.90 attorneys' fee award." (Unnecessary capitalization omitted.) They urge us to review, under the substantial evidence standard of review, the trial court's determination, for purposes of Probate Code section 859, that the co-trustees acted in bad faith. However, we have already reviewed the trial court's determination to this effect in case No. F080282, the companion case to this matter. We need not repeat our analysis here. Suffice it to say that the probate court's determination that the co-trustees acted in bad faith under Probate Code section 859 is affirmed.

In granting Dustin Cockren's motion for attorney's fees and costs, and awarding $94,805.90 in fees and $3,268.99 in costs, the probate court made the following determinations: (1) "[t]he attorneys' fees were incurred in providing legal services, which were reasonably necessary in the litigation of the petition and first amended petition filed in this matter"; (2) "[t]he time spent in providing such legal services was reasonable given the nature of the work required, the complexity of the issues presented and the capability of the attorneys providing such services"; (3) "[t]he rates charged by the attorneys and paralegals who worked on the case were within the market rate for comparable levels of attorneys, including partners, in the Kern County area"; (4) "[t]he costs requested by the memorandum of costs [are] authorized"; and (5) "[a]ll of the fees and costs incurred by the Petitioner appear to have been driven by the opposition of the co-trustees."

Bob Brown and Kelley Brown do not challenge the probate court's foregoing determinations and the amounts of the awards of fees and costs, respectively. They have

6.

not demonstrated an abuse of discretion by the probate court in this regard, nor do we detect any.

## **<u>DISPOSITION</u>**

The judgment is affirmed.  Dustin Cockren shall recover his costs on appeal.


SMITH, J.

WE CONCUR:


HILL, P. J.


FRANSON, J.

7.